■ In the Matter of PATRICK GALUPPI, Respondent, v. NEW YORK STATE LIQUOR AUTHORITY, Appellant.— Order unanimously affirmed, with $25 costs and disbursements. Memorandum: The pertinent denials contained in the answer of the Authority are not supported by affidavits in accordance with section 1291 of the Civil Practice Act so no triable issue of fact is presented and the matter may be disposed of in the same manner as upon a motion for summary judgment (*Matter of Rotkiewicz* v. *Department of Mental Hygiene,* 283 App. Div. 458, affd. 307 N. Y. 847). Petitioner had licenses for two separate establishments. On September 28, 1959 the Authority announced a determination that the renewal of the two licenses would not be approved unless petitioner signed a stipulation that he would sell one of the licensed premises to a qualified purchaser within three months. The stipulation was signed and both licenses renewed. Thereafter periodic extensions of the time limit were

granted by the Authority. In July, 1960 petitioner requested in writing to be relieved of the provisions of the stipulation. On August 4, 1960 the request was granted to the extent of extending the time for compliance to September 30, 1960. This proceeding was commenced on September 21, 1960. We find ample proof in the record to sustain a finding that the determination of September 28, 1959 was arbitrary and capricious. The Authority contends, however, that the proceeding was not commenced within four months after the determination was made as required by section 1286 of the Civil Practice Act. (Cf. *Matter of McDermott* v. *Johnson*, 2 N Y 2d 608.) We do not agree. After the stipulation was signed petitioner made strenuous efforts to sell one of the premises. It had become common knowledge however, that the licensee was under compulsion to sell and no reasonable offer could be obtained. We find that petitioner in good faith attempted to comply with the provisions of the stipulation. Obviously, if he had been able to sell one of the licensed premises he would have had no complaint and the Authority would have been satisfied. In the light of these facts we conclude that petitioner was not aggrieved by the determination of September, 1959 until it become apparent that he could not find a purchaser for either premises. As was said in *Matter of O'Neill* v. *Schechter* (5 N Y 2d 548, 554). "It is axiomatic that 'Administrative procedure will be reviewed only at the instance of a person allegedly aggrieved thereby' (*Lederman* v. *Board of Educ.*, 276 App. Div. 527, 531, affd. 301 N. Y. 476, 493). As the court pointed out in *Matter of Abramson* v. *Commissioner of Educ.* (1 A D 2d 366, 371) petitioners 'had no reason to institute a judicial proceeding to challenge [respondent's] decision until they knew that they were aggrieved by it'." It follows that the proceeding was timely commenced and the order of Special Term was properly made. (Appeal from order of Onondaga Supreme Court vacating the determination of the State Liquor Authority which disapproved petitioner's application for renewal of his liquor license and directing the issuance of such license.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.