In the Matter of NIAGARA MOHAWK POWER CORP., Petitioner, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Respondent.

Third Department, August 4, 1977

*Lauman Martin (Halcyon G. Skinner* of *Le Boeuf, Lamb, Leiby & MacRae* of counsel), for petitioner.

*Peter H. Schiff* for respondent.

HERLIHY, J. In rate proceedings commenced in 1974 the respondent authorized an annual rate increase, but in so doing it noted that the petitioner would be receiving Federal tax refunds by utilizing a retroactive application of depreciation standards for the years 1966-1969. The petitioner did receive a refund of about $16.4 million and upon notification, the respondent ordered the petitioner to "flow through" a major portion thereof to its customers. That order was reviewed in an article 78 proceeding and a judgment of Special Term annulling the order was affirmed by this court upon the theory that the respondent was exceeding its powers by attempting to fix rates retrospectively instead of prospectively *(Matter of Niagara Mohawk Power Corp. v Public Serv. Comm. of State of N.Y.,* 54 AD2d 255). In considering the prior attempt to order a "flow through" or retroactive rate adjustment, this court observed (p 257) that "the proper approach

for the commission is to consider this acquired money when a future rate adjustment is requested. Such a procedure would fully protect the ratepayer from any unjust and unreasonable rates."

In one of the orders now at issue herein, the respondent has considered the above-mentioned Federal tax refund received by the petitioner in the context of a new rate case initiated by proposed rate increases filed by the petitioner on December 19, 1975. In that order the respondent concluded that the windfall refund was in the nature of a contribution to capital by the customers of petitioner since it was a payment made upon rates which envisioned an expense which was not incurred or paid. As a result of its classification as capital contributed by customers, the petitioner cannot claim such money as an investment upon which it is entitled to receive a return (income) via future rates.

Considering the fact that rates approved by the respondent as an agent of the State are intended to permit the continuation of a monopolistic service, the question of what actually constitutes assets eligible for a profit or fair return on investment requires a form of expertise that is generally the precise area with which the respondent is entrusted. The balancing of the interests of the State and private enterprise is not a matter which may be exercised *de novo* by this court. Accordingly, the appropriate test to be applied in reviewing the singular determination of the respondent that the recovery of sums representing expenses which were previously included in a rate as expenses represent customer contributed capital, is whether or not it has a "sound basis in reason" giving due consideration to the facts. (See *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1,* 34 NY2d 222, 231.)

The conclusion of the respondent fails to recognize that the consumer never paid the expense in the first place. The "expense" of taxes was at all times merely hypothetical because rates are prospective only *(Matter of Niagara Mohawk Power Corp. v Public Serv. Comm. of State of N.Y.,* 54 AD2d 255, *supra).* The rate is comprised of hypothetical expenses based in some instances on past actual expenses. The petitioner in its brief seems to contend that the tax refunds are earnings; however, it is readily apparent that they are not in any sense money earned by the utilization of borrowed or ownership capital in the utility business. The funds are not the result of good management (savings by efficiency) or the

result of services rendered to the customers. Since the income has no direct relationship to past investment in the company and does represent an amount expressly intended to be paid dollar for dollar in the rate as an operating expense (see Comment, Utility Rates, Consumers, and the New York State Public Service Commission, 39 Albany L Rev 707, 720) the recovery thereof is not "earnings".

Based upon the foregoing considerations, the over-all conclusion of the respondent that the recovery of items considered to be an expense in computing revenues or tariffs constitutes capital contributed by consumers is not lacking a rational basis. While the concept that it is a return of expenses actually paid by consumers is not persuasive, the notion that the money represents items intended by both parties to have been paid dollar for dollar by consumers and not from the ordinary employment of investment funds reasonably flows from the respondent's decisions.

The petitioner does not contest the concept that consumer contributed capital should not be included in the assets forming the rate base and it has not established that the respondent was arbitrary in assigning that classification to the assets at issue herein. The further contention of the petitioner that excluding the assets (income) from the rate base is the equivalent of recouping past overpayments is without any sound basis. The respondent is not now directing any "flow through" of refunds or recouped past expenses, but is simply excluding them as items upon which the stockholders (company) are entitled to receive a fair rate of return as invested capital.

If it be assumed that the respondent adopted the dictum in this court's prior decision (Matter of Niagara Mohawk Power Corp. v Public Serv. Comm. of State of N.Y., supra, p 257), there is on the present record no showing that the respondent's determinations were irrational or that there was no sound basis in reason for its determinations.

While the petitioner cites numerous decisions, it is significant that there is no authority which determines that the tax refund here involved must or even should be considered part of the capital investment of the petitioner.

The determinations should be confirmed, and the petitions dismissed, with costs.

GREENBLOTT, J. P., KANE, MAIN and MIKOLL, JJ., concur.

Determinations confirmed, and petition dismissed, with costs.