In the Matter of SPRING VALLEY WATER COMPANY, Petitioner, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Respondent.

Third Department, November 29, 1979

**56**

*Onofrio F. Laurino* and *Carl H. Grossman* and *De Forest & Duer (Robert H. Mulreany* of counsel), for petitioner.

*Peter H. Schiff (Charles R. Gibson* and *Michael Flynn* of counsel), for respondent.

**OPINION OF THE COURT**

SWEENEY, J.

Petitioner, a wholly owned subsidiary of the Hackensack Water Company (Hackensack) applied to the Public Service Commission for a rate increase of approximately $4,502,650. Using the consolidated capital structure of the petitioner and Hackensack to determine a fair rate of return for petitioner, and using a discounted cash flow (hereinafter DCF) method of computing cost of equity capital, the commission authorized petitioner to increase its rates by $2,729,908. The commission also required that 90% of certain real estate tax refunds due petitioner be "flowed through" to the ratepayers. Following the denial of an application for a rehearing, petitioner commenced this proceeding to review the commission's determination.

Initially, petitioner contends that the commission's use of the consolidated capital structure of petitioner and its parent company in determining a fair rate of return was unlawful, arbitrary, capricious, an abuse of discretion and not supported by substantial evidence. Our scope of review in these matters is very limited, the question being whether there is a rational basis for the commission's finding that the rates in question are just and reasonable *(Matter of Consolidated Edison Co. of N.Y. v New York State Public Serv. Comm.,* 53 AD2d 131, 133, mot for lv to app den 40 NY2d 803). The commission's determination may only be set aside when it is shown to be without any rational basis or without any reasonable support in the record *(Matter of New York State Council of Retail Merchants v Public Serv. Comm. of State of N.Y.,* 45 NY2d 661). There was evidence before the

commission that petitioner and Hackensack are under common management; that Hackensack has control over petitioner's financing alternatives; that the consolidated entity will ultimately raise Spring Valley's equity capital; and that it is the combined earnings and financial ratios of petitioner and Hackensack which are ultimately analyzed by investors. From our review of the record, we are of the view that there is a rational basis for the commission's use of a consolidated capital structure and, therefore, its determination of this issue may not be disturbed.

Petitioner also argues that the return on equity adopted by the commission was arbitrary, capricious, an abuse of discretion and unsupported by substantial evidence in the record. This argument is primarily based upon the contention that the commission's use of the DCF method to estimate the cost of equity capital was irrational. This court previously stated that there appears nothing arbitrary or capricious in utilizing the DCF method where the experts are not precluded from presenting other accepted methods for the commission's consideration (*Matter of New York Tel. Co. v Public Serv. Comm. of State of N. Y.,* 64 AD2d 232, 239). There was no such preclusion in the instant case and we conclude that the commission's reliance on the DCF method was neither arbitrary nor irrational.

In its final contention, petitioner contests the propriety of the commission's requirement that 90% of the real estate tax refunds due petitioner be "flowed through" to the ratepayers. Petitioner mainly relies on this court's decision in *Matter of Niagara Mohawk Power Corp. v Public Serv. Comm. of State of N. Y.* (54 AD2d 255). Contrary to petitioner's analysis of that case, this court's sole rationale for prohibiting the flow through of tax refunds to the ratepayers was the lack of statutory authority for such a flow through. Since our decision in that case, however, the Public Service Law has been amended to provide the commission with the power to require a public utility to pass on to the consumers of the utility tax and other refunds received by the utility (Public Service Law, § 113, subd 2, as amd by L 1977, ch 530). In view of the fact that subdivision 2 of section 113 of the Public Service Law authorizes the commission to pass on the refunds to consumers in whole or in part, there is no merit to petitioner's argument that the commission abused its discretion in determining that such a high percentage of the refund "flow

through" to the ratepayers. Petitioner's remaining arguments have been considered and are unpersuasive.

The determination, therefore, should be confirmed, and the petition dismissed.

MAHONEY, P. J., KANE, MAIN and HERLIHY, JJ., concur.

Determination confirmed, and petition dismissed, without costs.