■ In the Matter of LONG ISLAND LIGHTING COMPANY, Respondent-Appellant, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Appellant-Respondent. — Cross appeals from a judgment of the Supreme Court at Special Term, entered July 31, 1980 in Albany County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to review determinations of the Public Service Commission. Following the filing of a complaint by the Hicksville Jewish Center (Center), respondent issued an order dated December 28, 1978 directing petitioner to provide electric and gas service to the Center at the lower rates charged to domestic consumers. This order was based on respondent's broad interpretation of section 76 of the Public Service Law. By separate letter of the same date, petitioner was directed by respondent to bring its practices in regard to other "similarly situated" religious bodies into conformity with respondent's decision on the Center's complaint. Upon completion of a customer survey, petitioner thereafter informed respondent that under the December 28, 1978 determination, 279 additional customers were entitled to the domestic rate; that a group of 104 customers had been entitled to such rate even before respondent's December 28, 1978 determination; and that six-year retroactive refunds were being made to this latter group. By letter dated May 14, 1979, respondent directed that the group of 279 customers be transferred to the domestic rate forthwith. Also, in regard to the retroactive refunds, respondent informed petitioner that it could not properly distinguish the two groups of customers as it proposed and indicated that both groups were entitled to such refunds. On November 27, 1979, respondent ordered petitioner to submit a plan for making six-year retroactive refunds to the group of 279 customers. Petitioner sought a rehearing and redetermination of the November 27, 1979 order which was denied. This proceeding

was then commenced to review respondent's determinations. Special Term concluded that petitioner was barred by the Statute of Limitations from challenging respondent's interpretation of section 76 of the Public Service Law as set forth in the orders dated December 28, 1978 and in a portion of the order dated May 14, 1979, and that, in any event, such interpretation was correct. Special Term also determined that respondent was without authority to order the retroactive refunds to the group of 279 customers and, accordingly, annulled the November 27, 1979 order. Appeals by both parties ensued. Initially, petitioner contends that review of the December 28, 1978 orders and a portion of the May 14, 1979 order was not time barred as they were not final determinations. We disagree. The orders dated December 28, 1978 directed that the Center be transferred to domestic rates and that others similarly situated be treated in conformity with the decision concerning the Center. The May 14, 1979 order directed the transfer of the group of 279 customers to the domestic rate. In order for the Statute of Limitations to start running for purposes of the present proceeding, the determinations must be final and binding upon petitioner and they must be ones by which petitioner is aggrieved (CPLR 217; *Matter of Martin v Ronan*, 44 NY2d 374). In our view, petitioner was aggrieved by the orders in question when received and they were then final and binding upon petitioner. We conclude that the four-month Statute of Limitations began running on the orders in question when received by petitioner for it was at that time that they had an actual impact upon petitioner (see *Matter of Johnston v Curry*, 68 AD2d 991). The case of *Matter of Jewish Mem. Hosp. v Whalen* (47 NY2d 331), cited by petitioner, is inapposite. The Court of Appeals held therein that it would be unreasonable to conclude that certain determinations were final and binding before the petitioners could know whether they were aggrieved *(Matter of Jewish Mem. Hosp. v Whalen, supra,* p 343). In the instant case, the petitioner knew it was aggrieved when the orders of respondent were received. Consequently, Special Term properly decided that review of the orders of December 28, 1978 and a portion of the order of May 14, 1979 was time barred. We would note that even if this proceeding were converted to a declaratory judgment action as requested by petitioner, the four-month Statute of Limitations provided in CPLR 217 would still be applicable *(Solnick v Whalen,* 49 NY2d 224). In the order of November 27, 1979, regarding retroactive refunds, respondent determined that petitioner unjustly discriminated against the group of 279 customers in violation of section 65 of the Public Service Law. Subdivision 5 of section 66 of the Public Service Law provides, in pertinent part, as follows: "Whenever the commission shall be of opinion * * * that the rates, charges or classifications * * * are * * * unjustly discriminatory * * * the commission shall determine and prescribe * * * the just and reasonable rates, charges and classifications *thereafter to be in force* for the service to be furnished" (emphasis added). Due to the absence of any express or implied statutory power permitting a refund under the present circumstances and in view of the Legislature's authorization for refunds to gas and electric customers in only three specific instances, not relevant here (Public Service Law, § 66, subd 20; § 113), we conclude that respondent was without authority to order refunds for the group of 279 customers (see *Matter of Niagara Mohawk Power Corp. v Public Serv. Comm. of State of N.Y.,* 54 AD2d 255). Special Term, therefore, properly annulled respondent's order of November 27, 1979. Accordingly, the judgment should be affirmed. Judgment affirmed, without costs. Sweeney, J.P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur. [105 Misc 2d 874.]