■ In the Matter of PORT CHESTER WATER WORKS, INC., Petitioner, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Public Service Commission of the State of New York which denied petitioner additional annual revenues to cover Federal income tax expense. On August 10, 1979 petitioner Port Chester Water Works, Inc., a waterworks corporation and subsidiary of American Water Works, Inc. (hereinafter American), filed amendments to its tariff with the Public Service Commission (hereinafter PSC) which would have produced additional annual revenues for petitioner in the amount of $1,087,171. Following public hearings and a recommendation from an Administrative Law Judge, the PSC ultimately granted petitioner rate increases which would generate additional annual revenues of $301,408, and, in so ruling, it allowed petitioner no recovery for Federal income tax expense. As a result, the instant article 78 proceeding ensued wherein petitioner asserts that the PSC's treatment of its Federal income tax expense was improper. We find that the challenged determination should be sustained. In this proceeding petitioner challenges the PSC's treatment, for Federal income tax purposes, of operating losses petitioner sustained during the years 1977 and 1978. By carrying forward these losses as deductions to offset future income taxes, petitioner would have lower Federal income taxes in subsequent years and thereby reduce its need for additional revenues in those years. This course was not followed, however, because petitioner filed a consolidated income tax return with American and American's other subsidiaries wherein American applied petitioner's tax losses against other subsidiaries' gains with the result that petitioner did not take the subject tax loss carry-forwards into account in determining its Federal income tax expense for the years covered by the amended tariff at issue. Nonetheless, in calculating petitioner's requirements for additional revenue under the amended tariff, the PSC operated on the assumption that petitioner filed its own separate income tax return and, consequently, determined that the tax loss carry-forwards should be treated as deductions in subsequent years to offset petitioner's future income tax liability. The net result was a denial by the PSC of an allowance of $131,000 for additional revenues to petitioner which it claimed it needed to cover its income tax expenses. In our judgment, this action by the PSC should not be disturbed. The rationale by which the PSC justifies its treatment of the tax loss carry-forwards is that tax benefits generated by petitioner should be reflected in its rates so that these rates will reflect its own relevant costs and that its customers, not the American system as a whole, will receive the benefit of such tax losses. This policy has previously been approved by this court (see *Matter of New York Water Serv. Corp. v Public Serv. Comm.,* 72 AD2d 841, mot for lv to app den 49 NY2d 706, cert den 449 US 844) and is not arbitrary, but rather has a rational basis. Under these circumstances,

particularly in light of our limited scope of review in these matters *(Matter of Spring Val. Water Co. v Public Serv. Comm. of State of N. Y.,* 71 AD2d 55, mot for lv to app den 49 NY2d 706), it should be sustained. In so ruling, we likewise cannot agree that the PSC's treatment of petitioner's debt-interest expense requires a contrary result. While the PSC on this issue charged petitioner with its proportionate share of American's system-wide debt rather than its own individual debt, this procedure has also been found to be proper (see *Matter of Long Is. Water Corp. v Public Serv. Comm. of State of N. Y.,* 49 AD2d 392). Moreover, it relates to a matter distinct from the tax loss carry-forward issue and does not render the ultimate determination inconsistent so as to mandate its annulment. Petitioner's remaining challenges to the amended tariff are similarly lacking in substance. There has been no showing by petitioner that the PSC failed to properly balance investor and consumer interests or that the approved rates are not just and reasonable. Such being the case, the petition should be dismissed. Determination confirmed, and petition dismissed, with costs. Sweeney, J. P., Main, Casey, Mikoll and Herlihy, JJ., concur.