■ In the Matter of ORANGE AND ROCKLAND UTILITIES, INC., Petitioner, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Public Service Commission which ordered petitioner to flow through to its ratepayers certain refunds of school and town taxes. A nearly $13,000,000 increase in gas and electric rates approved by respondent in its October 7, 1977 order was in part based upon projected school and town taxes to be levied by the Town of Stony Point upon electric generating facilities owned by petitioner. On that date, petitioner had already instituted tax certiorari proceedings against the town seeking reduction in the assessment. In 1980, the sum of $895,697, covering the period from January 1, 1978 through August 31, 1980, was refunded to petitioner by the town in settlement of the tax certiorari proceedings. Following proceedings instituted by respondent, an order was issued on April 28, 1981 requiring petitioner to return $563,250 out of the tax refunds to its ratepayers as a one-time refund. Petitioner, by the instant proceeding, seeks review and annulment of that order. Initially, petitioner contends that the determination is arbitrary, capricious and not supported by substantial evidence. Respondent based its order upon subdivision 2 of section 113 of the Public Service Law which empowers the commission to order a utility to pass on to its consumers all, or any part of, the refunds charged and collected by it from any source, in the manner and to the extent determined just and reasonable by the commission. The statute does not specify circumstances in which a refund should or should not flow through to ratepayers, rather it vests broad authority in the commission to consider the circumstances in each case. Here, petitioner urges that because the total of actual taxes paid by it exceeded the amounts it projected in its 1977 rate application, it should retain the full amount of the refund as an offset of such shortfall. Essentially, petitioner argues that actual experience should prevail over projected expenses, relying upon *New York Tel. Co. v Public Serv. Comm.* (29 NY2d 164). In 1977, the Legislature amended subdivision 2 of section 113 of the Public Service Law to explicitly cover these circumstances. Power was given to the commission to determine the propriety of flow-through of refunds received by a public utility *from any source*. Contrary to petitioner's contention, the record reflects that the commission did receive and consider evidence offered by both petitioner and the commission staff. This evidence is substantial and supports the subject determination, which is rational and neither arbitrary nor capricious. Respondent properly exercised the authority given by the statutory amendment (*Matter of Spring Val. Water Co. v Public Serv. Comm.,* 71 AD2d 55, 57). The rates set in 1977 were based upon projected operating costs provided by petitioner. Moreover, petitioner, in second stage proceedings, was twice granted increases in rates to cover increased tax expenses. When petitioner received the subject refund, since rates cannot be enacted retroactively (*Matter of Niagara Mohawk Power Corp. v Public Serv. Comm.,* 54 AD2d 255), a failure to flow through this money would result in a windfall. The commission is not bound to use any single factor, method, or formula in reaching a conclusion (cf. *Matter of Consumer Protection Bd. of State of N. Y. v Public Serv. Comm.,* 78 AD2d 65, mot for lv to app den 53 NY2d 607), and may rely upon its own assessment of the evidence.[*] The

_____

[*] For example, petitioner sought to retain approximately $175,000 for legal fees in the tax certiorari proceedings. Yet, the record shows projected legal expenses were

burden of proof is upon petitioner (Public Service Law, § 66, subd 12; § 72), and has not been sustained. Petitioner incorrectly argues that the determination is a constitutional violation of its due process rights, relying upon *New York Tel. Co. v Public Serv. Comm.* (29 NY2d 164, *supra*). That case, clearly distinguishable, involved the reasonableness of refunds of part of interim rates which were based only on out-of-date evidence. In holding that the commission's refusal to reopen the hearing was arbitrary, the Court of Appeals did not pass upon any of the substantive issues involved. Moreover, as stated above, the enactment of subdivision 2 of section 113 of the Public Service Law specifically provided for the flow through of refunds received by a utility, not, as petitioner argues, the re-evaluation of a prior rate determination. Petitioner's final argument of denial of equal protection of the laws because subdivision 2 of section 113 does not authorize recoupment of deficiencies in tax payments is without merit. Such relief is available through the commission's rate-making authority (*Rochester Telephone Corporation,* 15 PSC 1207, 1218-1219). This is not a rate case; it involves tax refunds which are not a predictable expense capable of projection in a rate case. The ability to recoup expenses is provided elsewhere and negates any alleged violation of constitutional rights. Determination confirmed, and petition dismissed, with costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.

actually lower than allowed in the rate ($263,000 less in 1979 and $270,000 less in 1980).