■ In the Matter of ROCHESTER TELEPHONE CORPORATION, Petitioner, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which ordered petitioner to reduce subscribers' bills in an amount equal to certain refunds petitioner received from the Internal Revenue Service. In June, 1973, the Internal Revenue Service issued final regulations implementing new depreciation deduction rules retroactive to tax year 1971 which allowed for greater amounts of depreciation expense to be deducted for Federal income tax purposes in the early years of service of certain property, including telephone plants (US Code, tit 26, § 167, subd [m]; Treas Reg, § 1.167[a]-12). At this time petitioner had already filed its tax returns for the years 1971 and 1972 based upon the previous depreciation deduction rules and chose to take the additional deductions retroactively from 1971. In 1973, petitioner received a refund check and a credit against 1973 taxes for its overpayment of estimated taxes for the year 1972. The refund for the 1971 tax year was held in abeyance pending an audit of petitioner's tax returns for the years 1971 through 1973. Petitioner applied to increase rates in 1974 and respondent ordered petitioner in that case to report the tax refunds promptly upon receipt thereof and to place any refunds in a suspense account. On August 11, 1978, petitioner initiated a general rate case. Thereafter, respondent granted petitioner's request to withdraw its new proposed tariffs but continued the case for the limited purpose of determining whether, to what extent and in what manner the tax refunds should be made to petitioner's customers. In 1978, petitioner also received the tax refund for the 1971 tax year less certain deficiencies unrelated to the new depreciation deduction rules. Following hearings, respondent ordered petitioner, pursuant to subdivision 2 of section 113 of the Public Service Law, to flow through to its customers $1,702,000 in tax refunds, representing refunds it received as a result of the new depreciation deduction rules, as well as $1,450,000 representing the associated tax deductions petitioner would be permitted to claim when the flow through is made. The present article 78 proceeding was then commenced to review respondent's determination. It is urged by petitioner that respondent's determination is not supported by substantial evidence. More specifically, petitioner contends that prior to its rate case in 1974 it had not received any general rate relief since 1959 and, therefore, the tax years in question, 1971 and 1972, never formed the basis of setting its rates. Accordingly, it is argued that there was a lack of substantial evidence to support a finding that the higher taxes paid in 1971 and 1972 under the old depreciation deduction rules were reflected in the rates charged by petitioner. We disagree. On the present record, respondent could reasonably conclude that petitioner fixed its costs in

the years in question based on the more restricted depreciation deduction rules and that such costs were reflected in the rates charged by petitioner. We find substantial evidence to support respondent's determination. Subdivision 2 of section 113 of the Public Service Law authorizes respondent to order public utilities receiving refunds of amounts charged and collected from them by any source to pass on such refunds to their customers in the manner and to the extent determined just and reasonable by respondent. Petitioner argues that it is unjust and unreasonable to require the passing on of refunds to its customers in the present case because they have already benefited from the refund as a result of petitioner's delay in filing for a rate increase. Petitioner failed to sufficiently demonstrate, in our view, that its delay in filing for a rate increase was due to anticipation of refunds based on the proposed liberalization of depreciation deduction rules. Consequently, respondent's determination was not unreasonable in this regard. It is also maintained that respondent improperly failed to deduct certain deficiencies from the amount of the refund to be passed on to petitioner's customers. As previously stated, the Internal Revenue Service deducted certain deficiencies from the amount of the refund paid to petitioner. These deficiencies represented overstated deductions relating to station connection depreciation. Pursuant to an agreement with the Internal Revenue Service, however, petitioner was allowed to take these same deductions in later years. We conclude that it was not unjust or unreasonable for respondent to refuse to offset the deficiency due to the fact that petitioner was allowed to take the disallowed deductions in later years. Concerning petitioner's argument that respondent erred in placing the burden of proof on petitioner, we would note that the issue of the disposition of the tax refunds originated in a rate proceeding where the burden rests on the utility (Public Service Law, § 92, subd 2). In any event, substantial evidence supports respondent's decision to pass on to petitioner's customers the tax refund in question and, thus, even were we to conclude that the burden rested with respondent, it has been met. Finally, petitioner contends that respondent was not authorized to order petitioner to pass on to its customers the tax deduction it will be permitted to take as a result of passing on the tax refund to its customers. Subdivision 2 of section 113 of the Public Service Law authorized only the flow through of refunds. There is no mention therein that associated tax deductions may also be passed on to customers and such a flow through cannot be implied from the statutory language. Respondent can only exercise such powers as are conferred upon it by the Legislature, or which are incidental to such power or necessarily implied therefrom (*Matter of Niagara Mohawk Power Corp. v Public Serv. Comm.*, 54 AD2d 255, 256). We are of the opinion that in the absence of such statutory authority, respondent improperly ordered petitioner to flow through the associated tax deduction to its customers. Consequently, the determination must be modified in this regard. Determination modified, by annulling so much thereof as ordered petitioners to flow through to its customers the tax deduction associated with the flow through of the tax refund, and, as so modified, confirmed, without costs. Sweeney, J. P., Main, Casey, Mikoll and Weiss, JJ., concur.