■ In the Matter of the PATROLMEN'S BENEVOLENT ASSOCIATION OF NEWBURGH, NEW YORK, INC., Appellant, v STATE OF NEW YORK DEPARTMENT OF PUBLIC SERVICE, Respondent, and NEW YORK TELEPHONE COMPANY, Intervenor-Respondent. — Appeal from that portion of a judgment of the Supreme Court at Special Term (Hughes, J.), entered November 25, 1981 in Albany

County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the New York State Department of Public Service denying petitioner's request to be charged at residence rates for a telephone at the City of Newburgh police station. In February, 1981, petitioner, a public employees' labor organization, requested New York Telephone Company to install a telephone line in the Newburgh police station for its members' personal use, to be charged at residential, rather than business, service rates. New York Telephone Company denied the application for reduced rates on the ground that business rates would apply under Public Serv. Comm. Tariff No. 800 — Telephone. Petitioner then asked for an informal hearing before respondent Public Service Commission pursuant to 16 NYCRR 11.2 (b). The hearing resulted in an adverse determination, which was affirmed on administrative appeal. Petitioner's subsequent article 78 proceeding to set aside respondent's determination was dismissed, and this appeal followed. A telephone company must furnish its customers service in accordance with the approved tariffs it has filed with the Public Service Commission (see *Eichacker v New York Tel. Co.,* 30 NYS2d 723). Petitioner concedes that Public Serv. Comm. Tariff No. 800 — Telephone, covering qualifications for business and residential rates, applies here. The tariff basically limits the application of residential service rates to private homes and apartments. True, residential rates can also apply to "residential quarters" in college fraternity or sorority houses, convents, and monasteries. However, only under an unusual circumstance would any of petitioner's members stay overnight at the police station, and, therefore, not even by analogy does the tariff cover the use that petitioner has proposed. Furthermore, a police station falls under the tariff's description of locations requiring business rate treatment. A police station is a "place of a business nature" (P. S. C. Tariff No. 800, A.2.a. [1]) and is a location at which a telephone listing would "indicate a business or a profession" (*id.* at A.2.a. [3]). Petitioner is not exempted from business rates merely because it is a not-for-profit organization, since hospitals, colleges, and other similar not-for-profit institutions all receive business rates (*id.* at A.2.a. [2]). Therefore, according to the plain language of the tariff, petitioner is entitled only to business rates. Petitioner also contends that respondent Public Service Commission erroneously based its denial on the hearing officer's posthearing survey of the telephone rates of six other local not-for-profit organizations. Assuming, *arguendo,* that it was improper to acquire evidence in this fashion, it nonetheless would be harmless error because the commission did not rely on this information in reaching its determination. Respondent's finding that petitioner does not qualify for residential telephone rates was based upon application of the tariff to petitioner's situation. Thus there was a rational basis for and substantial evidence to support respondent's determination (*Matter of New York State Council of Retail Merchants v Public Serv. Comm.,* 45 NY2d 661, 664, 671; *Matter of Spring Val. Water Co. v Public Serv. Comm.,* 71 AD2d 55, 56, mot for lv to app den 49 NY2d 706), and it should not be set aside. Judgment affirmed, without costs. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.