■ In the Matter of NATIONAL FUEL GAS DISTRIBUTION CORPORATION, Appellant, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Respondent. — Appeal from so much of a judgment of the Supreme Court at Special Term (Cobb, J.), entered May 22, 1981 in Albany County, as dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, as time barred insofar as it sought review of determinations of respondent Public Service Commission dated November 16, 1976 and February 1, 1977. In this CPLR article 78 proceeding, petitioner National Fuel Gas Distribution Corporation (Distribution Corp.) appeals from so much of a judgment of Special Term as dismissed as time barred that portion of its petition seeking to annul orders of the Public Service Commission (PSC), issued November 16, 1976 and February 1, 1977, which imposed a "retail Btu adjustment". Distribution Corp., an entity regulated by the PSC, purchases gas at wholesale from its affiliate National Fuel Gas Supply Corporation (Supply Corp.), an interstate pipeline corporation regulated exclusively by the Federal Energy Regulatory Commission

(FERC) under the Natural Gas Act (US Code, tit 15, § 717 *et seq.*), and resells the gas at retail to customers in western New York, northwestern Pennsylvania and northeastern Ohio. Supply Corp. commingled natural gas and coke oven gas containing a lower Btu content, which mixture was sold to Distribution Corp. for resale to its customers in New York State. Because Supply Corp.'s interstate wholesale rates are established by FERC on a volumetric basis (i.e., dollars/per million cubic feet), while Distribution Corp.'s New York retail rates are established by the PSC on a heat content basis (i.e., dollars/per million Btu), an anomaly or incongruity in the rate structure resulted. The PSC, during petitioner's 1975 rate increase case, found that New York State customers were paying for higher quality (1,000 Btu) gas but were receiving a lower quality product (992.3 Btu content) because it contained a mixture of coke oven gas, and ordered a "Btu adjustment" effective November 1, 1976. FERC thereupon ordered a Btu adjustment in Supply Corp.'s wholesale rates effective November 1, 1977, but did not adjust the wholesale rates for any prior period, specifically the one year between November 1, 1976 and November 1, 1977. As a result of the adjustments, Distribution Corp. received a $13.6 million refund from Supply Corp. in December, 1979, and proposed that the PSC permit it to retain $3.8 million of such refund as compensation for a shortfall in revenue experienced during the aforesaid one-year period between 1976-1977 and not covered retroactively by the FERC Btu adjustment. Respondent PSC, in a July 15, 1980 order, partially rejected Distribution Corp.'s application, by directing it to flow through to its New York State customers $1,694,066 of the refund while permitting it to retain $2,119,904. Upon petitioner's application for reconsideration, and for a hearing pursuant to subdivision 2 of section 113 of the Public Service Law, respondent PSC, in a September 25, 1980 order, adhered to its previous determination and further held that petitioner was not entitled to such a hearing. Thereupon, petitioner commenced this CPLR article 78 proceeding seeking to annul and vacate for lack of subject matter jurisdiction so much of respondent's November 16, 1976 and February 1, 1977 orders as imposed the retail Btu price adjustment. Petitioner's principal argument was that the 1976 and 1977 orders were not fully implemented and effectuated until the July 15 and September 25, 1980 orders, and, alternatively, that the 1980 orders, made without a hearing, were violative of subdivision 2 of section 113 of the Public Service Law. Special Term dismissed the petition as time barred insofar as it sought review of the November 16, 1976 and February 1, 1977 orders, and granted that portion of the petition annulling the July 15 and September 25, 1980 orders because they were made without a hearing. Petitioner has appealed only from that part of the judgment which dismissed as time barred its challenge to the November 16, 1976 and February 1, 1977 orders. CPLR 217 establishes a four-month Statute of Limitations applicable to article 78 review of administrative determinations. This time limitation commences when the determination becomes final and binding and when its impact can be accurately assessed and petitioner knows whether it is aggrieved (*Matter of Jewish Mem. Hosp. v Whalen*, 47 NY2d 331, 343; see, also, *Matter of Martin v Ronan*, 44 NY2d 374; *Mundy v Nassau County Civ. Serv. Comm.*, 44 NY2d 352). Accordingly, the dispositive date upon which the four-month time period for commencement of proceedings to review the challenged PSC orders is the date when the orders became final and binding upon petitioner and upon which petitioner knew it was aggrieved. It is clear that the orders became final and binding upon issuance. Petitioner argues that it was impossible to assess the impact of the Btu adjustment until the subsequent determinations in 1980 ordered the flow-through of refunds received by petitioner from Supply Corp. pursuant to the FERC determination,

and further, that it was misled by certain statements attributed to the PSC staff concerning future modifications in the event inequitable consequences resulted from the FERC order. We disagree. The PSC ordered Btu adjustment was obligatory and specific, and enabled petitioner to assess the impact of the adjustment at once. Petitioner's reliance upon *Matter of Galuppi v New York State Liq. Auth.* (12 AD2d 987) is misplaced because in *Galuppi,* the implementation of the liquor authority's approval of a liquor license was expressly conditional upon a specific occurrence (i.e., the disposition by sale of one of the petitioner's two restaurants), rendering the final impact of the agency determination uncertain. Here, the immediate effect of the Btu adjustment on petitioner's new rates and the jurisdictional basis for respondent's adjustment were totally evident at the time the 1976 and 1977 orders were made (see *Matter of Long Is. Light. Co. v Public Serv. Comm. of State of N. Y.,* 80 AD2d 977, mot for lv to app den 54 NY2d 601). Accordingly, Special Term properly dismissed as untimely so much of petitioner's article 78 proceeding as sought review of the November 16, 1976 and February 1, 1977 orders. We further reject petitioner's argument that the PSC ordered Btu adjustment was unlawful and unreasonable as an infringement on the exclusive authority of FERC to regulate interstate wholesale gas prices under the Natural Gas Act (US Code, tit 15, § 717 *et seq.*). Respondent's orders affected only intrastate retail New York rates during a period when no adjustment on wholesale rates ordered by FERC was in effect, and as soon as the Federal rate adjustment was ordered respondent discontinued its Btu adjustment on petitioner's retail rates. Finally, we do not reach other issues raised by petitioner in its brief and oral argument concerning its right to a hearing on the amount of flow-through of refunds to New York State retail gas customers pursuant to subdivision 2 of section 113 of the Public Service Law. The notice of appeal specifies that this appeal is solely from that part of the judgment which dismissed as time barred the portion of the petition seeking judicial review of the November 16, 1976 and February 1, 1977 orders of respondent. The scope of this appeal is limited thereby and consideration of argument on any other issues is not cognizable (CPLR 5515, subd 1; *Christian v Christian,* 55 AD2d 613). Judgment affirmed, without costs. Sweeney, J. P., Casey, Weiss and Levine, JJ., concur.