■ In the Matter of CRESCENT ESTATES WATER COMPANY, INC., et al., Appellants, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Respondent.—Mikoll, J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered March 20, 1989 in Albany County, which dismissed petitioners' application, in a combined action for declaratory judgment and proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioners' request for approval of its application to voluntarily extend its water service territory.

Questions posed on this appeal involve (1) whether Supreme Court properly held that respondent has subject matter jurisdiction over an agreement made between petitioner Crescent Estates Water Company, Inc. (hereinafter Crescent), a privately owned waterworks corporation, and petitioner Hollander Homes, Inc. (hereinafter Hollander), a developer of a new 67-unit townhouse subdivision known as Woodcrest Pointe (hereinafter Woodcrest), to supply water to Woodcrest which is outside Crescent's service territory, (2) whether Supreme Court properly upheld respondent's ruling that Crescent must first obtain a permit from the Department of Environmental Conservation (hereinafter DEC) authorizing it to extend its service territory before filing an application seeking respondent's rate approval, (3) whether respondent's finding, that the proposed $2,000 connector/capacity (hookup) fee rendered the extension agreement unjust and unreasonable, is rational, and

(4) whether Supreme Court correctly ruled that respondent did not violate the principle of stare decisis.

Briefly, the facts in this case are as follows. Crescent provides water service to some 1,650 customers in Crescent Estates in the Town of Clifton Park, Saratoga County. Woodcrest is also located in the town. The Town Board and the Town Planning Board approved the development subject to Hollander making arrangements to provide safe and adequate water service for Woodcrest. Hollander found that the only practical way it could obtain such water service was to link up with an existing water system, since it would cost approximately $6,000 per lot to install individual wells. On January 8, 1988 Hollander, after negotiations, agreed with Crescent that Crescent, subject to obtaining the approval of DEC and then respondent, would extend its mains outside its service territory to Woodcrest. Hollander, on its part, would construct the necessary mains and facilities at its own expense, convey them to Crescent, pay 10% for engineering services plus 10% for administrative services, pay a hook-up fee to Crescent of $2,000 for each residential unit connected and also pay some related income taxes.

Petitioners subsequently applied to respondent for approval. Respondent denied their petition due to Crescent's failure to first obtain approval to extend its service territory from DEC before filing for rate approval. Respondent reasoned that the interplay of ECL 15-1501 and Public Service Law § 89-e (1) and (2) contemplated that this procedure be followed and that, as a general policy, it would not entertain petitions of such a nature until the DEC permit was filed. Respondent further stated that even if it were to reach the merits, it "could not approve one rate for developers inside an approved territory and another, enormously higher, rate for those outside the approved territory based solely on lines on a map". Respondent also held that "a $2,000 fee assessed only for the profit of the company's owners would be unjust and unreasonable" and that such a fee assessment "would be discriminatory and prohibited by statute [Public Service Law § 89-b (2)]".

Petitioners then commenced the instant combined declaratory judgment action and CPLR article 78 proceeding to review the determination of respondent and for a declaration that respondent lacked subject matter jurisdiction over the agreement between Hollander and Crescent. In upholding respondent's decision and dismissing the petition, Supreme Court found that respondent's interpretation of the law regarding the procedure to be followed was rational and a

review of the merits would be premature as respondent's discussion of the merits was nonfinal, nonbinding dictum. The court also determined that respondent had subject matter jurisdiction over the case. Finally, the court declined to accept petitioners' claim that stare decisis required respondent to follow its determination of a prior similar petition. This appeal ensued.

Supreme Court's judgment should be affirmed. Responding to the first question, we conclude that Supreme Court properly ruled that respondent has subject matter jurisdiction over the Crescent/Hollander extension agreement. Crescent is a regulated public utility (see, Public Service Law § 89-c [1]) and therefore may not demand any unjust charge for "water or for equipment furnished or for any such service, or in connection therewith", nor may it demand any charge "in excess of that allowed by law or by order of [respondent]" (Public Service Law § 89-b [1]). Consequently, respondent is required to determine upon a proper filing whether any such charge is just and reasonable (Public Service Law § 89-c [10]). The extension agreement under review here clearly falls within the scope of the statute. Crescent cannot charge fees except as they are approved and filed with respondent (see, Public Service Law § 89-b [2]). Crescent's argument that only the beginning of actual construction or DEC approval (Public Service Law § 89-e) can trigger the jurisdiction of respondent over the extension agreement and that it is merely engaging in pretariff matters over which respondent has no jurisdiction is a transparent ploy to circumvent respondent's regulation over the amount Crescent may charge to connect residences in Woodcrest.

Responding to the next question, Supreme Court properly found that respondent's ruling that the statutory provisions of the Public Service Law and the ECL impliedly require Crescent to first obtain DEC approval before seeking respondent's rate approval was correct. To interpret the statutes as petitioners urge could result in a situation whereby an applicant could obtain respondent's approval and thereafter still be denied the required DEC permit (ECL 15-1503), rendering respondent's proceeding a nullity and resulting in the waste of the time, energy and resources of both respondent and the applicant. Respondent's ruling in this regard was therefore rational and legally sound.

Turning to the third question, i.e., respondent's finding that the proposed $2,000 hook-up fee rendered the agreement unjust and unreasonable, it too was rational. Although Supreme Court did not review respondent's determination on the

merits of the agreement on the ground that respondent's order dismissing the petition was a nonfinal, nonbinding, advisory opinion not subject to CPLR article 78 review (CPLR 7801; *see,* State Administrative Procedure Act § 203 [1]), respondent's opinion does indicate that its ruling on the merits would have been adverse to petitioners if the matter was resubmitted *(see, Matter of Cabrini Med. Center v Axelrod,* 107 AD2d 965; *Matter of National Fuel Gas Distrib. Corp. v Public Serv. Commn.,* 90 AD2d 605). Consequently, this court should review respondent's decision in this respect to ascertain whether it is rational.

The scope of judicial review of respondent's determination is confined to whether there was a rational basis for it *(see, Matter of New York Tel. Co. v Public Serv. Commn.,* 64 AD2d 232, 239). Respondent's rejection of the proposed $2,000 hookup fee as exorbitant and against the public interest has a basis in the record. Respondent asserts that the cost of hooking up a residence is only a fraction of the $134,000 charge to Hollander for hookup. In contrast, Crescent's current customers were not charged any such fee. It also appears that the fee would enrich the two main shareholders of Crescent, ostensibly to compensate them for funding Crescent's losses over the years, and avoid the cost of finding an alternate source of water which is said to be $6,000 per residence. Respondent's decision to reject petitioners' extension agreement is therefore rational and should not be disturbed.

Finally, Supreme Court properly held that respondent's determination did not violate the doctrine of stare decisis. Petitioners claim that respondent had approved a water main extension agreement dependent on DEC approval in a prior determination *(see,* [1988] — PSC — [Opn. No. 88-W-158]), which it now fails to follow. However, there are significant factual differences in the case at bar and the previous case warranting the distinction *(see, Matter of Field Delivery Serv. [Roberts],* 66 NY2d 516, 518; *Matter of New York City Tr. Auth. v White,* 144 AD2d 782, 784). The utility in the previous case, after being admonished for its methods, acquiesced to the jurisdiction and tariff of respondent, which Crescent has not done. Respondent did not state an across-the-board policy of requiring DEC approval prior to its approval in the previous case, but did so in this case stating that the policy was in the public interest. Thus, petitioners' claims that they were denied due process and equal protection are without merit.

Judgment affirmed, without costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.