■ In the Matter of SHOREWOOD WATER CORPORATION, Petitioner, v NEW YORK STATE PUBLIC SERVICE COMMISSION, Respondent.—Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County), to review a determination of respondent concerning petitioner's request for a rate increase.

Petitioner is a water-works corporation located in Suffolk County and is regulated as a public utility by respondent. From 1981 to at least June 1987, petitioner was engaged in providing meter pit installation services to its customers. No tariff was ever filed relating to these services. Petitioner

charged each customer $795 for that service even though it paid $245 to another company which actually performed the field work. Expenses associated with those services were included in petitioner's calculation of utility revenues, while profits were attributed to nonregulated services and were not used to reduce the amount of revenue required by petitioner. In July 1986, petitioner filed proposed tariff revisions with respondent seeking to increase its annual revenues. After a rate proceeding was concluded, respondent determined that petitioner provided a service to its customers for which it did not file a tariff, misled customers, misused its monopoly power to operate as a de facto monopoly relating to meter pit installation, charged customers excessive amounts for meter pit installation and kept inadequate records. Respondent observed that it would normally require refunds under such circumstances, but because of petitioner's inadequate bookkeeping it was impossible to identify the customers which were due refunds. Accordingly, respondent determined that petitioner's rate base should be reduced by the amount of profits realized, thereby giving petitioner's ratepayers a benefit equivalent to a refund. In August 1987, petitioner requested a rehearing which was denied in January 1990. Petitioner thereafter commenced this CPLR article 78 proceeding challenging respondent's determination.

Petitioner contends that respondent's determination was irrational and not supported by substantial evidence. Public Service Law § 89-e (2) provides, in pertinent part, that "[n]o water-works corporation shall * * * charge for service without first filing with [respondent] * * * a schedule of rates, charges, rules, regulations and such further information as [respondent] may require". Respondent requires every water-works corporation to file a schedule (see, 16 NYCRR 530.3, 530.5). Public Service Law § 89-b (1) requires that "[a]ll charges * * * demanded by any such water-works corporation * * * for any service rendered * * * be just and reasonable and not more than allowed by law or by order of [respondent]". It is undisputed that petitioner provided meter pit installation services for its customers without filing a schedule for such activity with respondent. Additionally, petitioner charged its customers more than its costs for providing that service. Therefore, the profits generated by petitioner's unauthorized meter pit installation services constituted excessive charges to its customers which were unjust and unreasonable. Accordingly, we find respondent's determination that petitioner charged its customers excessive amounts for its unauthorized services to be rational and supported by substantial evidence.

We must next determine whether it was rational to treat the excessive charges paid by petitioner's customers for meter pit installation services as customer contributions to capital and to reduce petitioner's rate base by that amount. Respondent has broad discretion to make adjustments in a utility's rate base for excessive charges or overcharges, and where its determination is based upon the facts and arrived at rationally this court will not disturb it (see, *Matter of General Tel. Co. v Lundy,* 17 NY2d 373; *Matter of Niagara Mohawk Power Corp. v Public Serv. Commn.,* 59 AD2d 73, *lv denied* 43 NY2d 646, *cert denied* 437 US 901).

Petitioner does not dispute that its records were poorly kept and prevented respondent from ascertaining the identity of those customers overcharged in order to make refunds. Additionally, it is clear that petitioner obtained funds directly from its customers for services for which no schedule was filed. Respondent has determined not to permit petitioner to retain the fruits of its unauthorized activities. In view of the fact that respondent was unable to identify those customers that were due a refund, it determined to treat the excess charges as customer contributions to capital and reduce petitioner's rate base by that amount. The reduction in petitioner's rate base by the amount of the excess charges will result in a reduction of petitioner's future rates equal to the excess charges which benefits all customers, including those who paid the overcharge. It is clear that respondent may make changes in the rate base to reflect imprudent expenses or to recapture windfall profits and we find respondent's determination to be rational (see, *Matter of Rochester Gas & Elec. Corp. v Public Serv. Commn.,* 135 AD2d 4, *appeal dismissed* 72 NY2d 840; *Matter of New York Tel. Co. v Public Serv. Commn.,* 64 AD2d 232, *lv denied* 46 NY2d 710).

We have considered petitioner's remaining contentions and find that they are unpersuasive and/or meritless.

Weiss, J. P., Mikoll, Yesawich Jr. and Levine, JJ., concur. Adjudged that the determination is confirmed, and petition dismissed, without costs.