In the Matter of THE PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Appellant, v JAMAICA WATER SUPPLY COMPANY et al., Respondents.

Third Department, August 5, 1976

*Peter H. Schiff (Charles R. Gibson* of counsel), for appellant.

*Meyer, English & Cianciulli, P. C. (Bernard S. Meyer* of counsel), for respondents.

*W. Bernard Richland (John C. Brennan* and *L. Kevin Sheridan* of counsel), for City of New York, *amicus curiae.*

HERLIHY, J. Respondent Jamaica Water Supply Company (hereinafter Jamaica) is a waterworks corporation 96% of whose common stock is owned by respondent Welsbach Corporation. By orders of February 27 and 28, 1974 and an amended order of March 26, 1974 issued by the Public Service Commission, Jamaica was prohibited from declaring or paying dividends on its common stock. The commission found that it had accumulated some $275,000 in overdue accounts payable and concluded that the company's failure to pay its bills could impair its credit and impede its ability to provide adequate service at just and reasonable rates. At such time, Jamaica's total accounts payable amounted to nearly $1,000,000, of which a substantial amount was overdue; it had a negative working capital of over $1,000,000; it had no unused line of credit; and it was operating at a net loss. It had retained earnings, however, of approximately $3,370,000.

Thereafter, in May of 1975, Jamaica filed an application with the commission to have the prohibition lifted in view of its alleged improved financial condition. On October 15, 1975 Jamaica withdrew the application and paid a common stock dividend in violation of the outstanding Public Service Commission orders. The commission then instituted this proceeding pursuant to section 89-m of the Public Service Law to enforce its orders. Special Term dismissed the petition on the ground that the commission had no statutory authorization to issue such orders.

The issue raised in this case is whether or not the commission has the *power* to restrain a water supply company from paying dividends on its common stock.

The commission may exercise such powers as are expressly conferred upon it by the Legislature *(Matter of Village of Boonville v Maltbie,* 272 NY 40), or which are incidental to the exercise of such powers *(Kovarsky v Brooklyn Union Gas Co.,* 279 NY 304) or necessarily implied therefrom *(People ex rel. New York Rys. Co. v Public Serv. Comm.,* 223 NY 373). The Public Service Law has no express authorization for the control of cash dividends and it does not appear that any single statutory provision would, by itself, imply such power.

In *Matter of New York State Elec. & Gas Corp. v Public Serv. Comm. of State of N.Y.* (245 App Div 131, 134, affd 274 NY 591) it was stated that the utility is "free to control the management of [its company] * * * as long as such management indicates that it is carried on for the benefit of the operating companies and in the public interest." It was further stated that "[i]t is the duty of the Commission to prevent the imposition upon the public of unfair rates, and the creation of a rate base which is not justified".

In our opinion the general mandate of the Public Service Law to assure safe and adequate service at just and reasonable rates (Public Service Law, § 89-b, subd 1; § 89-c, subd 4; § 89-j) necessarily implies the power to control the disbursement of funds as dividends. The fact that dividends are ordinarily solely a matter of corporate affairs does not insulate them from having an impact on rates and service. The solvency of a public utility is clearly related to its status as an organization capable of providing the public service for which it was franchised.

The appropriate relief for the respondents is to seek review through the Public Service Commission whereupon they may seek further review of the resulting order through court proceedings, if they be so advised. (Cf. *Matter of New York State Elec. & Gas Corp. v Public Serv. Comm. of State of N.Y., supra.*)

The order and judgment should be reversed, on the law, without costs, and judgment directed to be entered in favor of petitioner for the relief demanded in the petition and order to show cause.

SWEENEY, J. P. (dissenting). We are unable to agree with the majority's conclusion that the Public Service Commission, on this record, had the implied power to impose restrictions on the payment of cash dividends by Jamaica. We, therefore, dissent and vote to affirm.

The majority has amply narrated the pertinent facts. In our view, although the Public Service Commission is empowered to examine the accounts, books, contracts, records, documents and papers of any waterworks corporation, and after a hearing, to prescribe the accounts in which particular outlays and receipts shall be entered, charged, or credited (Public Service Law, § 89-c, subd 7), it lacks the power to restrict the payment of cash dividends. (Cf. *Matter of Quinby v Public Serv. Comm.,*

223 NY 244; *People ex rel. New York Rys. Co. v Public Serv. Comm.,* 223 NY 373.)

The majority finds support for the commission's exercise of power in the general mandate of the Public Service Law to assure safe and adequate service at just and reasonable rates. (Public Service Law, § 89-b, subd 1; § 89-c, subd 4; § 89-j.) Broad regulatory powers and the necessity to protect the public interest do not authorize the commission to encroach upon the right of the utility to administer its corporate affairs according to its own judgment. (See *Matter of Rochester Gas & Elec. Corp. v Maltbie,* 298 NY 867.) It is only under certain circumstances (not here present) when "the public interest is unfavorably affected by a course of management adopted to evade the law" that the commission may intrude into the managerial operations of a utility. (Cf. *Matter of New York State Elec. & Gas Corp. v Public Serv. Comm. of State of N.Y.,* 245 App Div 131, 134, affd, 274 NY 591.) At the time the orders of the commission which are here under attack were issued, Jamaica had retained earnings, or surplus, and there would be, therefore, no money illegally paid if a cash dividend on its common stock were declared. (See, e.g., Business Corporation Law, § 102, subd [a], par [6]; § 510, subd [b].) Consequently, reliance by the majority on *Matter of New York State Elec. & Gas Corp. v Public Serv. Comm. of State of N.Y. (supra)* and subdivision 1 of section 89-b, subdivision 4 of section 89-c and section 89-j of the Public Service Law is unwarranted.

The order and judgment should be affirmed.

LARKIN and REYNOLDS, JJ., concur with HERLIHY, J.; SWEE-NEY, J. P., and MAIN, J., dissent and vote to affirm in an opinion by SWEENEY, J. P.

Order and judgment reversed, on the law, without costs, and judgment directed to be entered in favor of petitioner for the relief demanded in the petition and order to show cause.