■ In the Matter of HURLEY WATER COMPANY, INC., et al., Petitioners, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Public Service Commission which, *inter alia,* relegated petitioners to a provisional return of 6% of the adopted rate base in calculating the rates allowed. Petitioners, three water companies, filed jointly for proposed rate increases in October, 1978. Petitioners all have the same stockholders and the stockholders are also the directors of the three companies. At hearings, customers of two of the petitioners complained of poor services, insufficient water pressure, defective pipes, substances in the water and several other

---

problems concerning the services rendered. Respondent authorized rates designed to generate a 6% rate of return for petitioners until necessary capital improvements were completed. Respondent also refused to include certain loans made to petitioners and certain litigation expenses in the rate of return calculations as well as fees paid to directors for attendance at board of directors meetings. This proceeding was then commenced to review respondent's determination. In determining the price to be charged for water, the commission may consider all facts which it concludes have any bearing upon a proper determination with due regard, among other things, to a reasonable average return upon capital actually expended (Public Service Law, § 89-j). The burden of proof to show that a rate change is just and reasonable is on the utility (Public Service Law, § 89-c, subd 10; § 89-j). The general mandate of the Public Service Law is to assure safe and adequate service at just and reasonable rates (Public Service Law, § 89-b, subd 1; § 89-c, subd 4; § 89-j; *Matter of Public Serv. Comm. v Jamaica Water Supply Co.,* 54 AD2d 10, 12, affd 42 NY2d 880). Initially, petitioners challenge respondent's decision to limit the rate of return to 6%. The commission's determination, however, may only be set aside when it is without any rational basis or without any reasonable support in the record (*Matter of New York State Council of Retail Merchants v Public Serv. Comm.,* 45 NY2d 661; *Matter of Spring Val. Water Co. v Public Serv. Comm.,* 71 AD2d 55, mot for lv to app den 49 NY2d 706). It is made clear in respondent's determination that the 6% rate of return was provisional only and to be in effect until certain improvements were made. Upon examination of the record, we conclude that there is a rational basis for respondent's establishment of a 6% provisional rate of return and, therefore, its determination of this issue will not be disturbed. It is also urged by petitioners that respondent improperly refused to include in the rate base certain loans made to petitioner by the stockholders and an associated company. It appears from the record that these loans were used for maintenance and operations. Petitioners failed to demonstrate that any of the loans were used for capital improvements. This court has concluded that while capital actually expended by a utility for property required in the rendition of public service must be considered in fixing just and reasonable rates, the commission is not required to provide a return upon the capitalization of a utility (*Matter of New Rochelle Water Co. v Maltbie,* 248 App Div 66, 69). Respondent also pointed out in its determination that the loans could have been avoided by means of timely rate filings. We are of the view that there is a rational basis for respondent's determination on this issue and, thus, it should not be disturbed. We also find a rational basis and reasonable support in the record for the remaining conclusions of the commission challenged by petitioners and, consequently, the determination must be confirmed. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Yesawich, Jr., and Levine, JJ., concur.