■ In the Matter of HURLEY WATER COMPANY, INC., Petitioner, v NEW YORK STATE PUBLIC SERVICE COMMISSION, Respondent.—Main, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which, *inter alia,* established petitioner's tariff schedule for water rates.

In March 1984, petitioner, a water company that provides service to consumers in the Town of Hurley, Ulster County, filed proposed tariff revisions with respondent. Under petitioner's proposed rates, its annual revenue would increase by $41,036, or approximately 67% over its current revenue. At hearings that followed, customers complained of the past and present poor quality of water service provided by petitioner. Thereafter, respondent issued its decision, which, for purposes of the instant proceeding, addressed three issues. First, respondent allowed petitioner $24,681 for supervision and management expenses until such time that petitioner demonstrates that it has entered into an acceptable agreement with a qualified manager to run its operations. That figure would be subject to an increase once petitioner hires a qualified operator. Second, respondent determined that petitioner was entitled to a zero rate of return until it hires a qualified operator. Again, once petitioner so hires an operator, respondent would calculate a suitable rate of return. Third, respondent allowed petitioner $6,400 in rate case expenses compared to the $38,637 that petitioner had sought. This proceeding was brought by petitioner to review respondent's determination, and was thereafter transferred to this court by Special Term.

We confirm. Respondent's determinations may be set aside only where they are without any rational basis or reasonable

support in the record *(see, Matter of Abrams v Public Serv. Commn.,* 67 NY2d 205, 218). With regard to respondent's determination on the first two above-referenced issues, we note that there is ample support in the record for the finding that petitioner has provided poor service to its customers, has failed to make even routine repairs and has generally been mismanaged. Accordingly, respondent's determinations on these two issues—namely, that any substantial increase in management expenses and rate of return be conditioned upon the hiring of a much needed competent operator—have both a rational basis and reasonable support in the record. Additionally, we note that the setting of a provisional zero rate of return does not amount to an impermissible confiscation of property since such rate will be in effect only until a qualified operator is hired *(see, D.C. Tr. Sys. v Metropolitan Area Tr. Commn.,* 466 F2d 394, 419-423, *cert denied* 409 US 1086).

Finally, there is support in the record for respondent's determination that petitioner was entitled to only $6,400 in rate case expenses. The amount sought by petitioner, $38,637, was approximately 60% of its annual revenue and was clearly excessive. To be sure, respondent necessarily is empowered to disallow such excessive expenses in order to carry out the Public Service Law's general mandate of assuring safe and adequate service at just and reasonable rates *(see,* Public Service Law § 89-b [1]; § 89-c [4]; § 89-j; *Matter of Hurley Water Co. v Public Serv. Commn.,* 87 AD2d 678, 679, *lv denied* 58 NY2d 601). The record amply supports the finding that $6,400 was a reasonable allowance.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Weiss, Mikoll and Yesawich, Jr., JJ., concur.