■ In the Matter of CRESCENT ESTATES WATER COMPANY, INC., Petitioner, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Respondent.—Levine, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which, *inter alia,* imputed operating revenues from the provision of water service to additional homeowners residing outside of petitioner's approved service territory.

Petitioner is a privately owned waterworks corporation which provides water service to approximately 1,650 residential customers in the Town of Clifton Park, Saratoga County. In January 1988 petitioner submitted to respondent three separate joint petitions for approval of main extensions, pursuant to agreements entered into with three real estate developers, to provide water service to 110 new residential custom-

ers located outside of petitioner's current service territory. On February 5, 1988 petitioner filed with respondent amendments to its rate schedule in which its calculation of rate-year operating revenue included $11,124 in anticipated additional revenue from the service to new customers in its expanded service territory, based upon the assumption that the joint petitions would be approved. During the rate-case hearing petitioner and respondent's staff representative agreed that in the event the petitions were denied, the additional revenues associated with the expansion would be eliminated from rate calculations.

Respondent thereafter denied the petitions seeking main extensions because of petitioner's failure to first obtain the approval of the Department of Environmental Conservation.* In addition, respondent disapproved of a term in petitioner's agreement with the developers which assessed a $2,000 hook-up fee per lot to profit petitioner's owners. Respondent noted in its decision denying the petitions that, in light of petitioner's excess capacity, it would be prudent for it to pursue expansion of its service territory and that failure to do so would be a factor considered by respondent in determining petitioner's allowed rate of return in establishing its rates. After respondent's refusal to approve the main extensions, petitioner sought to exclude the projected additional revenues from consideration by the Administrative Law Judge (hereinafter ALJ) in the hearing to establish its rates. As part of its rate filing, petitioner also sought recovery of $28,471 in rate-case expense. This figure included the cost of retaining a professional consultant and related administrative expenditures.

In November 1988 the ALJ issued his recommended decision in which he rejected the elimination of projected revenues from the additional customers and allowed only $11,891 of rate-case expense, to be amortized over four years. Respondent's final order adopted the ALJ's recommendation that it impute to petitioner the additional revenues from customers residing outside of petitioner's present service territory in making its rate determination. Respondent also reduced the amount of recoverable rate-case expense to $9,513, with an amortization period of two years.

Petitioner commenced this CPLR article 78 proceeding seek-

---

* Respondent's denial of the joint petitions was recently affirmed by this court in *Matter of Crescent Estates Water Co. v Public Serv. Commn.* (159 AD2d 765).

ing annulment of that portion of respondent's order which imputed revenues for customers residing outside of petitioner's service territory and the rate-case expense allowance. The proceeding was transferred to this court for review.

Petitioner's first contention is that respondent erred in considering potential revenue from customers outside of its service territory in making the rate determination. Petitioner argues that such action was an illegal attempt by respondent to coerce it to expand its service territory, something which respondent cannot require petitioner to do directly. Petitioner's point is well taken. In *Matter of Utica Tr. Corp. v Feinberg* (277 App Div 464) this court expressly construed the Public Service Law, to avoid potential due process violations, as not authorizing respondent to require extension of a utility company's service beyond the area it has committed itself to serve. This holding continues to have vitality today *(see, Rochester Gas & Elec. Corp. v Public Serv. Commn.,* 71 NY2d 313, 325-326). In addition, respondent has recognized in one of its own decisions that it has the authority to order an extension of utility service *"only* to that area in which a utility has already committed itself to serve" *(New York Pub. Serv. Commn. v Bath Elec., Gas & Water Sys.,* 42 PUR3d 353, 363 [emphasis supplied]).

Respondent asserts in response that since it is statutorily empowered to set "just and reasonable" rates for water services (Public Service Law § 89-b [1]), it has the authority to determine whether petitioner's refusal to expand its revenue base was imprudent and disadvantageous to petitioner's ratepayers and, therefore, it may take into account revenues petitioner could have realized but for its decision not to expand its service territory. Respondent analogizes the instant case to prior decisions recognizing its authority to prevent excessive costs and expenses associated with mismanagement from being passed on to ratepayers *(see, e.g., Matter of General Tel. Co. v Lundy,* 17 NY2d 373, 379-380; *Matter of Long Is. Light. Co. v Public Serv. Commn.,* 134 AD2d 135, 143; *Matter of Hurley Water Co. v New York State Pub. Serv. Commn.,* 122 AD2d 410). In our view, however, there is a fundamental distinction between ratemaking which is designed to encourage a utility to function efficiently and responsibly so that it may adequately serve those consumers within its service territory and the situation here, where petitioner is required to expand its service territory and utilize its excess capacity in order to recoup moneys respondent has imputed to it as "lost" revenues. Moreover, there is no evidence in the record to

indicate that the projected additional revenue could or would be used to reduce the costs of current customers or that petitioner's expansion is necessary to "protect ratepayers". Based on the foregoing, we conclude that respondent's actions amount to an indirect order to petitioner to expand its service territory and, thus, respondent exceeded its authority in imputing revenue from potential customers residing outside of petitioner's service territory in its rate-setting calculations.

Petitioner also challenges respondent's allowance of only $9,513 of the $28,471 total rate-case expense it incurred. In our view, respondent could properly conclude that the costs sought by petitioner were excessive and we are unpersuaded that the amount set by respondent constituted an abuse of discretion (see, Matter of Hurley Water Co. v New York State Pub. Serv. Commn., supra).

Determination modified, with costs to petitioner, by annulling so much thereof as imputed revenues to petitioner; matter remitted to respondent for further proceedings not inconsistent with this court's decision; and, as so modified, confirmed. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.