██ In the Matter of HOME DEPOT U.S.A., INC., et al., Appellants, v STATE OF NEW YORK PUBLIC SERVICE COMMISSION et al., Respondents. [937 NYS2d 688]—

Mercure, A.P.J.

Upon remittal, Home Depot and LNT requested that the PSC "promptly implement" this Court's decision, which they characterized as holding that the development agreement between Emgee and Home Depot required Emgee to bear all costs not covered by Home Depot's $5.82 million contribution to site costs, such that all capital costs must be eliminated from IWW's rates. The PSC rejected this argument, concluding—correctly— that this Court did not reach any binding conclusions regarding whether capital costs should be deducted, but remitted for a full analysis of all relevant agreements and reconsideration of the rate implications of that analysis. Upon review of the agreements, the PSC found that, pursuant to normal principles of ratemaking, IWW was "entitled to seek to earn a return on its capital actually expended," and that nothing in the agreements required either Emgee or IWW "to eschew seeking to earn a return on their investment in site costs related to the water system." The PSC interpreted the relevant agreements as requiring an adjustment to the rate base only to the extent that Home Depot actually contributed capital, and reduced the rate base by $525,142 to prevent a double recovery of water plant investment. It determined that the rate reduction should apply as of November 1, 2008, the month following entry of this Court's prior decision.

After a rehearing, the PSC adjusted the interest rate applied to IWW's excess revenues and declined to adjust the date from which the prospective water rate reduction would run. The PSC also clarified that water rates must reflect actual investment, and that a commitment to "install plant" triggers a right on the part of the utility to seek a return on that investment, rather than a right of customers to free service. Petitioners then commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition. Petitioners appeal and we now affirm.[2]

Petitioners argue that the PSC's determination contradicts the plain language of the relevant agreements and, thus, is arbitrary and capricious. In that regard, they assert that the development agreement between Emgee and Home Depot— which acknowledges Home Depot's $5.82 million contribution

---

2. We reject petitioners' argument that the PSC exceeded the scope of this Court's remittal. Contrary to their assertions, this Court did not hold that the relevant agreements required that all costs of construction contributed by Emgee—in addition to the $525,142 contributed by Home Depot—should be removed from the rate base. We remitted to the PSC to explain its determination in light of those agreements and for consideration of *"whether* petitioners' water rates should be reduced prospectively" (*id.* at 1114 [emphasis added]).

to site costs and states that "[a]ll other costs associated with the Site Work shall be borne by [Emgee]"—constitutes a promise that Emgee would refrain from seeking recovery of water system costs through the rates charged by its affiliate utility, IWW. They further maintain that the lease between Emgee and LNT specifically excluded "capital expenditures . . . (including any capitalization, depreciation, or amortization)" from permissible charges, and that the "[i]nclu[sion] of any rate base in IWW's rates necessarily forces LNT to pay capital expenses in violation of the terms of its lease." In essence, petitioners argue that the PSC's determination irrationally permits Emgee to recover and profit on the costs that it agreed to bear entirely. We disagree.

As we noted in our prior decision involving this same matter, the PSC's "determinations in [setting just and reasonable rates] are entitled to deference and may not be set aside unless they are without rational basis or without reasonable support in the record" (*id.* at 1113 [internal quotation marks and citations omitted]; *see Matter of National Fuel Gas Distrib. Corp. v Public Serv. Commn. of the State of N.Y.*, 16 NY3d 360, 368 [2011]). The Court of Appeals has explained that "[j]udicial deference is warranted because setting utility rates presents problems of a highly technical nature, the solutions to which in general have been left by the Legislature to the expertise of the [PSC]" (*Matter of New York Tel. Co. v Public Serv. Commn. of State of N.Y.*, 95 NY2d 40, 48 [2000] [internal quotation marks and citations omitted]). Nonetheless, while the PSC has broad discretion to review and establish water rates, it "may not deny a utility a reasonable rate of return on its investment" (*Matter of Crescent Estates Water Co. v Public Serv. Commn. of State of N.Y.*, 77 NY2d 611, 620 [1991]; *see* Public Service Law § 89-j; *Matter of Niagara Mohawk Power Corp. v Public Serv. Commn. of State of N.Y.*, 69 NY2d 365, 369 [1987]).

Moreover, the PSC's expertise extends to determining "what actually constitutes assets eligible for a profit or fair return on investment" (*Matter of Niagara Mohawk Power Corp. v Public Serv. Commn. of State of N.Y.*, 59 AD2d 73, 74 [1977], *lv denied* 43 NY2d 646 [1978], *cert denied* 437 US 901 [1978]). Indeed, a "prime function" of the PSC "is to separate costs which should be borne by a utility's ratepayers from costs properly chargeable to its owners" (*Matter of Crescent Estates Water Co. v Public Serv. Commn. of State of N.Y.*, 77 NY2d at 620 [Kaye, J., dissenting]). Particularly relevant here, in performing that function, the PSC has incidental power to interpret contracts between regulated utilities and their customers (*Matter of Burke v*

*New York State Pub. Serv. Commn.*, 47 AD2d 91, 96 [1975], *affd on op below* 39 NY2d 766 [1976]).

In our view, the PSC's interpretation of the relevant agreements is rational. The PSC noted that the development agreement between Emgee and Home Depot must be read in conjunction with the Home Depot ground lease and building loan agreement. The PSC determined that the ground lease, which provides that water rates would be set by the PSC, invoked both the PSC's jurisdiction and ordinary ratemaking principles— including the "regulatory presumption" set forth in Public Service Law § 89-j that utilities are entitled to a fair return on capital actually expended. Absent a clear indication that the regulatory presumption was inapplicable, the PSC concluded that any costs that Emgee was required to bear could be capitalized for ratemaking purposes and, through its affiliate IWW, Emgee was entitled to seek a return on its investment in setting water rates. Inasmuch as the building loan agreement indicated that Home Depot's payment to Emgee constituted developer equity, the PSC further ruled that—apart from the $525,142 directly funded by Home Depot—the remaining cost of construction was appropriately included in the water rate base. With respect to the LNT lease, the PSC concluded that the portion of the lease relating to utility service—as opposed to the common area maintenance provision relied upon by petitioners—provides no limitation on the recovery of costs in the rate base.

Giving deference to the PSC's determination, we conclude that it properly refused to deduct the remaining cost of the water system (apart from the $525,142 reduction) from the rate base upon finding that the relevant agreements did not overcome the presumption that a utility may seek a return on its investment. That finding "has the requisite reasonable support in the record" (*Matter of New York Tel. Co. v Public Serv. Commn. of State of N.Y.*, 95 NY2d at 50 [internal quotation marks and citation omitted]) and, thus, it cannot be set aside. Finally, in light of both this Court's directive that the PSC determine whether petitioners' water rates should be adjusted prospectively and the filed rate doctrine, pursuant to which the PSC may prescribe rates only for the present and future (*see Porr v NYNEX Corp.*, 230 AD2d 564, 571 [1997], *lv denied* 91 NY2d 807 [1998]; *see also Matter of Concord Assoc. v Public Serv. Commn. of State of N.Y.*, 301 AD2d 828, 830 [2003]), the PSC properly determined that the prospective rate reduction should apply as of November 1, 2008, the month following entry of this Court's prior decision.

Petitioners' remaining arguments are either unpreserved or lacking in merit.

Peters, Rose, Lahtinen and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.