Matter of Rolling Meadows Water Corp. v Public Serv. Commn. of the State of N.Y. (2019 NY Slip Op 53954)





Matter of Rolling Meadows Water Corp. v Public Serv. Commn. of the State of N.Y.


2019 NY Slip Op 53954


Decided on November 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 27, 2019

528483

[*1]In the Matter of Rolling Meadows Water Corporation, Appellant,
v
Public Service Commission of the State of New York, Respondent.

Calendar Date: October 9, 2019

Before: Garry, P.J., Mulvey, Devine and Aarons, JJ.


Law Offices of Albert A. Natoli, PC, New York City (Albert A. Natoli of counsel), for appellant.
John Sipos, Public Service Commission, Albany (Salomon T. Menyeng of counsel), for respondent.

John Sipos, Public Service Commission, Albany (Salomon T. Menyeng of counsel), for respondent.



Aarons, J.
Appeal from a judgment of the Supreme Court (Ryba, J.), entered August 1, 2018 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review determinations of respondent setting petitioner's rate case expense allowance.
Petitioner, a waterworks corporation, provides water service to its customers in Ulster County. As part of a minor rate filing submitted to respondent, petitioner estimated its rate case expense at $25,000 to be amortized over a three-year period. In February 2017, respondent found, among other things, that petitioner's requested rate case expense was excessive and set an allowance of $4,500 to be amortized over three years. Petitioner sought a rehearing of the February 2017 determination and requested, among other things, a rate case expense of $37,170, which, according to petitioner, reflected the amount that it actually incurred. In August 2017, respondent, as relevant here, denied the requested rate case expense of $37,170. Petitioner thereafter commenced this CPLR article 78 proceeding seeking, among other things, to annul respondent's determinations to the extent that they set its rate case expense at $4,500 and failed to grant the requested expense of $37,170. Respondent joined issue, after which Supreme Court dismissed the petition. Petitioner appeals. We affirm.
"[R]espondent necessarily is empowered to disallow . . . excessive expenses in order to carry out the Public Service Law's general mandate of assuring safe and adequate service at just and reasonable rates" (Matter of Hurley Water Co. v New York State Pub. Serv. Commn., 122 AD2d 410, 411 [1986]). Our review of respondent's determinations is limited to whether they were arbitrary and capricious (see CPLR 7803 [3]; Matter of Niagara Mohawk Power Corp. v Public Serv. Commn. of State of N.Y., 164 AD2d 502, 505 [1990], lv denied 77 NY2d 808 [1991]).
In denying petitioner's rate case expense request of $37,170, respondent considered, among other things, what was traditionally allowed in other similar requests for rate case expenses, what petitioner was granted in the past and what companies similar to petitioner have been allowed.[FN1] Although petitioner contends that its application required a higher level of expertise due to errors made in a prior rate case proceeding, respondent found that no legal issues were raised that required retaining an attorney to handle such errors. Respondent also explained that it made rate case applications as straightforward as possible and noted that it was available to provide assistance in preparing such applications. In view of respondent's rationale, and as Supreme Court aptly found, we cannot say that respondent's determinations were arbitrary and capricious (see Matter of Crescent Estates Water Co. v Public Serv. Commn. of State of N.Y., 161 AD2d 882, 885 [1990], affd 77 NY2d 611 [1991]; Matter of Hurley Water Co. v New York State Pub. Serv. Commn., 122 AD2d at 411).
Finally, petitioner's reliance on Matter of National Fuel Gas Distrib. Corp. v Public Serv. Commn. of the State of N.Y. (16 NY3d 360 [2011]), as well as its claim that respondent bore a threshold burden of establishing that it acted imprudently, is unavailing. Likewise, petitioner's assertion that respondent's determinations lacked a sufficient factual basis to allow for meaningful review is without merit. Petitioner's remaining contentions have been examined and are without merit.
Garry, P.J., Mulvey and Devine, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: Contrary to respondent's assertion, petitioner can, on appeal, rely on other rate case expense determinations that were not relied upon when making its applications before respondent.