Matter of Emerald Green Lake Louise Marie Water Co., Inc. v Public Serv. Commn. of the State of N.Y. (2022 NY Slip Op 04597)

Matter of Emerald Green Lake Louise Marie Water Co., Inc. v Public Serv. Commn. of the State of N.Y.

2022 NY Slip Op 04597

Decided on July 14, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 14, 2022

533171
[*1]In the Matter of Emerald Green Lake Louise Marie Water Company, Inc., Appellant,
v
Public Service Commission of the State of New York, Respondent.

Calendar Date:June 1, 2022

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Albert A. Natoli, PC, New York City (Albert A. Natoli of counsel), for appellant.
Robert Rosenthal, Public Service Commission, Albany (Ryan Coyne of counsel), for respondent.

Ceresia, J.
Appeal from a judgment of the Supreme Court (Bartlett III, J.), entered March 19, 2021 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent, among other things, reducing petitioner's rate case expense allowance.
Petitioner is a small water company serving 853 residential customers who live in two residential subdivisions in the Town of Thompson, Sullivan County. In order to raise revenues,petitioner filed an application with respondent for a rate increase that would be achieved by implementing metered rates for all customers. Given that petitioner's proposal was below the statutory threshold to be considered a major rate increase (see Public Service Law § 89-c [10] [c]), it was classified as a minor rate filing, such that respondent was not required to hold a hearing before making its determination thereon (see Public Service Law § 89-c [10] [f]). Respondent requested certain additional information and documents, and ultimately authorized a rate increase that was lower than that which petitioner had requested, after making several downward adjustments to petitioner's filing. Petitioner then commenced the instant CPLR article 78 proceeding, challenging two particular adjustments made by respondent. Supreme Court dismissed the petition, and petitioner appeals. We affirm.
Generally speaking, respondent's determinations pertaining to ratesetting are entitled to judicial deference unless they lack a rational basis in the record (see Matter of Home Depot U.S.A., Inc. v State of N.Y. Pub. Serv. Commn., 92 AD3d 1012, 1014 [2012], lv denied 19 NY3d 811 [2012]). "[S]etting utility rates presents problems of a highly technical nature" (Matter of New York Tel. Co. v Public Serv. Commn. of State of N.Y., 95 NY2d 40, 48 [2000] [internal quotation marks and citations omitted]),which are within respondent's special expertise (see Matter of Home Depot U.S.A., Inc. v State of N.Y. Pub. Serv. Commn., 92 AD3d at 1014; Matter of AT & T Communications of N.Y. v Public Serv. Commn. of State of N.Y., 231 AD2d 155, 159 [1997], lv denied 91 NY2d 803 [1997]).
Preliminarily, we reject petitioner's argument that respondent was bound by Matter of National Fuel Gas Distrib. Corp. v Public Serv. Commn. of the State of N.Y. (16 NY3d 360 [2011]) to evaluate the prudence of petitioner's expenditures (see Matter of Rolling Meadows Water Corp. v Public Serv. Commn. of the State of N.Y., 177 AD3d 1230, 1231 [2019], lv denied 35 NY3d 162 [2020]). National Fuel is distinguishable in that it dealt with a major rate increase requiring an administrative hearing, and it was within the context of that hearing that the burden-shifting analysis of the prudence test was performed. Further, it has long been held that respondent is not required to use any particular methodology in ratemaking, so long as the resulting rate is "just and reasonable" (Public Service Law § 72) — that is, "it is [*2]the result reached[,] not the method employed[,] which is controlling" (Federal Power Commn. v Hope Natural Gas Co., 320 US 591, 602 [1944]; see Matter of New York Tel. Co. v Public Serv. Commn. of State of N.Y., 95 NY2d at 48; Matter of Abrams v Public Serv. Commn. of State of N.Y., 67 NY2d 205, 215 [1986]; Matter of Rochester Tel. Corp. v Pub. Serv. Commn. of State of N.Y., 201 AD2d 31, 35 [1994], affd 87 NY2d 17 [1995]; Matter of Consumers Protection Bd. of State of N.Y. v Public Serv. Commn. of State of N.Y., 78 AD2d 65, 67 [1980], lv denied 53 NY2d 607 [1981]; see e.g. Matter of Incorporated Vil. of Freeport v Public Serv. Commn., ___ AD3d ___, ___, 2022 NY Slip Op 03785, *2 [2022]; Matter of City of New York v New York State Pub. Serv. Commn., 105 AD3d 1200, 1203 [2013]).
Petitioner challenges respondent's determination to eliminate from petitioner's rate base a parcel of land (hereinafter the red house parcel) owned by petitioner that includes a two-family residence. Petitioner claimed that it purchased the red house parcel and an adjacent parcel with the intention of eventually constructing a water storage tank on the properties. In the meantime, petitioner continued to rent out the residence and incurred carrying costs associated with it, including the costs of renovations, utilities and property taxes. Petitioner sought to include the red house parcel's rental income and carrying costs in its rate base, under the category of "Water Plant Held for Future Use," but respondent rejected this aspect of the filing on the ground that petitioner had not demonstrated "a definite plan for such use" (16 NYCRR ch V, subch E, art 2, § C 1104).
The record supports respondent's finding that the red house parcelwas not being used to benefit petitioner's customers, nor had petitioner supplied any definite plans to do so — in fact, petitioner equivocated as to whether it would be feasible to use the red house parcel for the water storage tank project. Thus, according deference to respondent's "interpretation of a regulation that it promulgated and is responsible for administering" (Matter of Glenwyck Dev., LLC v New York Pub. Serv. Commn., 167 AD3d 1375, 1376 [2018]), and noting that a utility's property need not be "chargeable to present consumers[] when the prospects of future . . . use are entirely speculative" (Matter of Rochester Gas & Elec. Corp. v Public Serv. Commn., 85 AD2d 486, 490 [1982]), we find a rational basis in the record for respondent's determination that the red house parcel should be excluded from the rate base (see Matter of Rolling Meadows Water Corp. v Public Serv. Commn. of the State of N.Y., 177 AD3d at 1231; Matter of Crescent Estates Water Co. v Public Serv. Commn. of State of N.Y., 161 AD2d 882, 885 [1990], affd 77 NY2d 611 [1991]; Matter of Hurley Water Co. v New York State Pub. Serv. Commn., 122 AD2d 410, 411 [1986]).
Petitioner also argues that respondent improperly excluded counsel fees in the amount of $40,000 [*3]from its rate case expense allowance. Upon analyzing this expense, respondent noted that this minor rate case was relatively routine in nature, that petitioner was provided a packet of forms and an offer of assistance from respondent's staff in completing them, and that an attorney's services should have been limited to providing expert assistance only as necessary. Respondent then utilized a benchmarking method by choosingfour comparable minor rate cases, some of which were of greater and others of lesser complexity than the instant case, calculated a historical average of the allowable counsel fee expense in those cases and awarded petitioner that average figure of $6,277, finding it to be reasonable. Respondent's use of the benchmarking methodwas rational and, in light of respondent's authority to disallow excessive expenses, we decline to disturb this determination (see Matter of Rolling Meadows Water Corp. v Public Serv. Commn. of the State of N.Y., 177 AD3d at 1231; Matter of Crescent Estates Water Co. v Public Serv. Commn. of State of N.Y., 161 AD2d at 885; Matter of Hurley Water Co. v New York State Pub. Serv. Commn., 122 AD2d at 411).
Clark, J.P., Pritzker, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the judgment is affirmed, without costs.