Matter of Citybridge, LLC v New York State Dept. of Pub. Serv. (2022 NY Slip Op 07269)

Matter of Citybridge, LLC v New York State Dept. of Pub. Serv.

2022 NY Slip Op 07269

Decided on December 22, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 22, 2022

533173
[*1]Matter of Citybridge, LLC, Respondent-Appellant,
v
New York State Department of Public Service et al., Appellants-Respondents.

Calendar Date:November 18, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Robert Rosenthal, General Counsel, Albany (Ryan Coyne of counsel), for New York State Department of Public Service and others, appellants-respondents.
Whiteman Osterman & Hanna LLP, Albany (Robert S. Rosborough IV of counsel), for Consolidated Edison Company of New York, Inc., appellant-respondent.
Couch White, LLP, Albany (Adam T. Conway of counsel), for respondent-appellant.

Fisher, J.
Cross appeals from a judgment of the Supreme Court (Richard Rivera, J.), entered March 3, 2021 in Albany County, which, among other things, (1) partially dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for injunctive relief, to review a determination of respondent Public Service Commission finding, among other things, that petitioner was responsible for the cost of connection of electric service lines to public communication structures, and (2) dismissed the counterclaims.
In 2014, petitioner entered into a franchise agreement with the City of New York to install, operate and maintain up to 7,500 public communications kiosks known as "Links." The kiosks would be installed on city sidewalks, allowing users to access free wi-fi, voice calls, USB charging and other services offered on an exterior tablet-like touchscreen. The kiosks also have the capability to broadcast advertisements, public service notices and emergency measures. Each kiosk has two large, backlit displays and contains auxiliary equipment, controls, cooling fans and external accent lighting. Under the franchise agreement, the City may require petitioner to remove, replace, relocate or reinstall the kiosks. Upon expiration or termination of the franchise agreement, petitioner must remove the kiosks unless they are purchased by the City or its designee. The franchise agreement expires in June 2026 but could be extended to June 2031.[FN1]
Petitioner is an electric customer of respondent Consolidated Edison Company of New York, Inc. (hereinafter Con Ed). Following the establishment of the franchise agreement, petitioner entered into discussions with Con Ed regarding setting up electrical service to the kiosks. However, petitioner and Con Ed disagreed as to who would be responsible for the cost of establishing connection to the kiosks. Ultimately, Con Ed determined, in accordance with its electric tariff, that the kiosks were not a "premises" and were to receive temporary electrical service, and, as such, petitioner was responsible for the cost of establishing service, including the non-recoverable costs of upstream transmission and distribution.
In November 2017, petitioner filed a complaint with respondent Public Service Commission (hereinafter PSC), challenging Con Ed's determinations. Following an initial determination and a subsequent informal hearing, the PSC ultimately concluded that the kiosks were temporary structures and did not constitute a premises, and therefore petitioner was responsible for the cost of extending service to them. The PSC also found, among other things, that the non-recoverable costs of upstream transmission and distribution were the responsibility of petitioner.
Petitioner commenced this combined proceeding pursuant to CPLR article 78 and action for injunctive relief challenging the PSC's determination. Con Ed joined issue, asserting counterclaims against petitioner for breach of contract based on lack [*2]of payment and for unjust enrichment. Con Ed moved for summary judgment on its counterclaims; petitioner opposed and cross-moved for summary judgment dismissing Con Ed's counterclaims. Supreme Court partially granted the petition and remitted certain issues to the PSC, holding that the PSC's conclusion was irrational for several reasons, including that it was inconsistent with a prior PSC determination — Matter of the Rules and Regulations of the Public Service Commission, Appeal by Consolidated Edison Company of New York, Inc. and Gannett Transit (NY PSC Case No. 91-E-1011 [July 26, 1994]). Among other things, Supreme Court dismissed Con Ed's counterclaims and denied its motion for summary judgment as premature. These cross appeals ensued.[FN2]
Determinations by the PSC "are entitled to deference and may not be set aside unless they are without a rational basis or without reasonable support in the record" (Matter of Glenwyck Dev., LLC v New York Pub. Serv. Commn., 167 AD3d 1375, 1376 [3d Dept 2018] [internal quotation marks, brackets and citations omitted]; see Matter of Home Depot U.S.A., Inc. v State of N.Y. Pub. Serv. Commn., 92 AD3d 1012, 1014 [3d Dept 2012], lv denied 19 NY3d 811 [2012]). "As a general rule, courts should defer to the PSC on questions involving that agency's special expertise [and] [q]uestions requiring the interpretation or application of a tariff often fall within that category" (Matter of Black Radio Network v Public Serv. Commn. of State of N.Y., 253 AD2d 22, 25 [3d Dept 1999] [internal citations omitted]; see Matter of Emerald Green Lake Louise Marie Water Co., Inc. v Public Serv. Commn. of the State of N.Y., 207 AD3d 923, 923 [3d Dept 2022]). In carrying out this function, "the PSC has incidental power to interpret contracts between regulated utilities and their customers" (Matter of Home Depo U.S.A, Inc. v State of N.Y. Pub. Serv. Commn., 92 AD3d at 1014). So long as the determination is not irrational or unreasonable, courts are not entitled to substitute their judgment for the evaluation of the PSC, giving fair consideration to the expertise possessed by the PSC in weighing the impact on both the utility and the consumer (see Matter of Glenwyck Dev., LLC v New York Pub. Serv. Commn., 167 AD3d at 1376; Matter of Jericho Jewish Ctr. v Public Serv. Commn. of State of N.Y., 208 AD2d 1152, 1154-1155 [3d Dept 1994]; see also Matter of New York State Council of Retail Merchants v Public Serv. Commn. of State of N.Y., 45 NY2d 661, 669-670 [1978]).
Supreme Court erred in failing to afford deference to the PSC's determination that service to the kiosks would be temporary. Although the tariff enumerates certain examples where temporary service may be appropriate, the tariff also makes it clear that temporary service includes instances where there is a reasonable belief that the connection will not be used for a permanent supply. In agreeing with Con Ed that the kiosks are not entitled to permanent service, the PSC carefully evaluated [*3]the duration of the franchise agreement, the nature of the kiosks and the depreciable life of the components used to provide service to the kiosks. This included evidence that was not proffered in Gannett, specifically that the franchise agreement herein expressly establishes an expiration date, at which time the kiosks must be removed by petitioner unless the City or a designee purchases them. This is dissimilar to Gannett, which was heavily relied upon by petitioner and Supreme Court, where the agreement at issue had no definitive termination date and where the bus stops at issue there had already existed for some time with little changes to the routes or stop locations. Petitioner did not provide the PSC with any evidence supporting its contention that the kiosks were likely to be maintained by the City or transferred to another franchisee beyond the expiration date.
To that end, the PSC also considered the fact that some of the kiosks may not be installed until 2022,[FN3] meaning that they could potentially be in service for only a few years before the expiration of the franchise agreement that calls for their removal. Given the discretion that is to be afforded to the PSC, particularly in its area of special expertise of interpreting and applying a tariff, we find that the PSC's determination that the kiosks are only entitled to temporary service is rational, has reasonable support in the record and is not contrary to its prior holding in Gannett (see Matter of Emerald Green Lake Louise Marie Water Co., Inc. v Public Serv. Commn. of the State of N.Y., 207 AD3d at 923; Matter of Black Radio Network v Public Serv. Commn. of State of N.Y., 253 AD2d at 25). As a consequence of this finding, remand is unnecessary on the issue of whether the kiosks constitute a premises (see Matter of Glenwyck Dev., LLC v New York Pub. Serv. Commn., 167 AD3d at 1377).
Similarly, we also find that Supreme Court erred in remanding to the PSC to recalculate the non-recoverable costs by excluding the upstream transmission and distribution costs. Although we initially agree with Supreme Court that the language of Tariff Rule 5.2.7 is ambiguous and such ambiguities are strictly construed against the drafter (see Lauer v New York Tel. Co., 231 AD2d 126, 129 [3d Dept 1997]), it is also well established that, in interpreting a tariff, the PSC has the authority to consider policy factors and can interpret tariffs in such a way as to further their overall intent or prevent egregious abuses (see Matter of Black Radio Network v Public Serv. Commn. of State of N.Y., 253 AD2d at 25; Matter of Glens Falls Communication Corp. v New York State Pub. Serv. Commn., 239 AD2d 47, 51 [3d Dept 1998]; Matter of Consolidated Communication Consultant Servs. v New York State Pub. Serv. Commn., 195 AD2d 849, 851 [3d Dept 1993]).
In determining that it was proper for Con Ed to include the upstream transmission and distribution costs in the estimate of non-recoverable costs of service installation [*4]and removal, the PSC appropriately considered Con Ed's obligation to protect its existing ratepayers. This was achieved by testing the revenue requirement analysis submitted by Con Ed, which estimated that the costs to extend and provide service to the kiosks would be higher than the revenues generated by the kiosks — leaving a deficit of approximately $57 million to be covered by existing ratepayers at the impending expiration of the franchise agreement. Therefore, considering the policy factors and the overall intent of the tariff to shift non-refundable service installation and removal costs to a temporary customer, notwithstanding the ambiguity, we find that the PSC rationally concluded that the upstream transmission and distribution costs were the responsibility of petitioner, and this conclusion is supported by the record (see Matter of Glenwyck Dev., LLC v New York Pub. Serv. Commn., 167 AD3d at 1377; Matter of Glens Falls Communication Corp. v New York State Pub. Serv. Commn., 239 AD2d at 51).
Based on the foregoing, Con Ed's motion for summary judgment and its counterclaims are no longer premature. Con Ed's notice of motion incorporates the verified answer, which alleges that petitioner has not paid Con Ed's invoice. Although petitioner's verified reply admits this allegation, petitioner disputes the balance owed because the invoice is allegedly for a general "supplemental service fee" which has not been itemized or explained. This flaw is repeated in Con Ed's motion, which similarly neglects to establish the basis for such charges in an affidavit or exhibit, and only asserts entitlement to same in a conclusory fashion. To that end, petitioner asserts eight affirmative defenses to the counterclaims, and alternatively requested discovery pursuant to CPLR 408, neither of which were addressed by Supreme Court. Upon our review of the record, we find that petitioner has raised a question of fact warranting denial of Con Ed's motion for summary judgment (see Matter of Fernandez v Town of Benson, 196 AD3d 1019, 1023 [3d Dept 2021]), and the matter must be remitted to Supreme Court for disposition on the counterclaims. We have examined the parties' remaining arguments and find them to be without merit or rendered academic.
Egan Jr., J.P., Clark, Pritzker and Ceresia, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as annulled portions of the Public Service Commission's determination, remanded aspects thereof to that agency and dismissed the counterclaims; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

Footnotes

Footnote 1: At oral argument, the parties advised that the franchise agreement has been amended and the current term has been extended to 2030.

Footnote 2: Petitioner does not challenge the denial of its cross motion for summary judgment nor Supreme Court's conclusions that two aspects of the PSC's determination were reasonable and proper.

Footnote 3: The parties advised that more than half of the kiosks had been installed at the time of oral argument.