Matter of City of Yonkers v New York State Dept. of Envtl. Conservation
2026 NY Slip Op 02698
April 30, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of City of Yonkers et al., Respondents,
v
New York State Department of Environmental Conservation et al., Respondents, and New York City Water Board, Appellant.

Decided and Entered:April 30, 2026
CV-24-1565
Calendar Date: March 24, 2026
Before: Clark, J.P., Aarons, Ceresia, Mcshan And Corcoran, JJ.

Steven Banks, Corporation Counsel, New York City (Melanie T. West of counsel), for appellant.
Dichter Law LLC, Bedford Hills (Joel R. Dichter of counsel), for City of Yonkers and others, respondents.
Letitia James, Attorney General, New York City (Mihir A. Desai of counsel), for New York State Department of Environmental Conservation and another, respondents.
Costello & Folchetti, LLP, Carmel (Gregory L. Folchetti of counsel), for Town of Carmel, respondent.

[*1]
Ceresia, J.
Appeal from a judgment of the Supreme Court (David Gandin, J.), entered August 2, 2024 in Albany County, which, among other things, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgement, declared that respondent Department of Environmental Conservation should employ a fair and reasonable standard in adjudicating petitioners' challenges to excess water rates.
New York City (hereinafter the City) obtains its water from a system of City-owned reservoirs and lakes located north of its boundaries. Respondent New York City Water Board (hereinafter the Water Board) is tasked with setting rates for all withdrawals of water from this system. Certain upstate communities along the City's aqueduct route are statutorily entitled to purchase water for their own needs from the City's supply. This "entitlement water" the same amount, per capita, as that consumed by City residents must be sold by the Water Board to the upstate communities at a fair and reasonable rate, pursuant to a set formula,FN1 that cannot exceed the rate paid by City residents (see Administrative Code of City of NY § 24-360 [b], [c]). Although nothing compels the Water Board to sell "excess water" the amount that upstate communities may wish to consume over and above that to which they are entitled it may choose to do so, but there is no formula governing the rate that it may charge.
In the event that a consumer of City water wishes to contest the Water Board's rate-setting, there are two avenues for such a challenge. In-city customers must file a CPLR article 78 proceeding in Supreme Court, while those customers outside the City must bring an administrative proceeding before respondent Department of Environmental Conservation (hereinafter DEC) (see Administrative Code of City of NY § 24-360 [b]; Matter of Village of Scarsdale v Jorling, 91 NY2d 507, 516 [1998]). DEC's determination can then be reviewed in Supreme Court (see Administrative Code of City of NY § 24-360 [c]).
Against that backdrop, in 2016, petitioners municipalities and water districts located north of the City filed petitions with DEC seeking to challenge the rates set by the Water Board for entitlement water and excess water in the fiscal years 2015-2017.FN2 During those years, the rate for excess water was approximately triple the rate for entitlement water. In a 2019 interim decision, an Administrative Law Judge (hereinafter ALJ) ruled, as relevant here, that the standard for reviewing the Water Board's excess water rates is not the fair and reasonable standard governing entitlement water. Rather, the ALJ found that the Water Board is entitled to more deference when it comes to excess water, and that, pursuant to controlling Court of Appeals case law (see Matter of Prometheus Realty Corp. v New York City Water Bd., 30 NY3d 639, 646 [2017]; Carey Transp. v Triborough Bridge & Tunnel Auth., 38 NY2d 545, 553 [1976], cert denied 429 US 830 [1976]), the standard of review is "whether [*2]the proposed excess water rates would serve the Water Board's economic and public policy goals." In 2023, the ALJ's decision in this regard was affirmed by DEC's Commissioner upon administrative appeal.
Thereafter, the Town of Carmel commenced a CPLR article 78 proceeding, and the remaining petitioners commenced a hybrid CPLR article 78 proceeding/declaratory judgment action, both seeking to vacate DEC's determination. The proceedings were eventually consolidated and, upon motion by DEC, petitioners agreed to convert their standard-of-review claims to causes of action for declaratory judgment. DEC also moved for summary judgment on these causes of action. Supreme Court denied that motion and declared that the fair and reasonable standard governs DEC's review of the Water Board's excess water rates, prompting this appeal by the Water Board.FN3
We are tasked with determining the proper standard to be utilized by DEC when reviewing the Water Board's rate for excess water. As indicated above, Administrative Code of the City of New York § 24-360 sets forth the fair and reasonable standard as it pertains to entitlement water, and makes no mention of excess water or the rate that can be charged for the same. Supreme Court nevertheless applied the fair and reasonable standard to excess water by looking outside of this statute for guidance. The court initially acknowledged the Court of Appeals' holding that "DEC's authority over excess consumption rates is derived from [its] power to control, regulate and preserve the water resources of the entire State" (Matter of Village of Scarsdale v Jorling, 91 NY2d at 517, citing ECL art 15). As such, the court turned to the Environmental Conservation Law and found various provisions of that law to be "instructive," such as the provision in ECL 15-1521 indicating that certain water rates must be "fair and reasonable" and the provision in ECL 15-1503 (2) (c) stating that specified water projects must be "just and equitable to all affected municipalities." The problem with this analysis, however, is that these statutes reference standards to be applied, in the context of a permit-granting function, when DEC is requiring one water system operator to supply water to another (see Matter of Town of Watertown Water Dist. No. 2 v State of N.Y. Dept. of Envtl. Conservation, 176 AD2d 1166, 1167 [3d Dept 1991]), such that fairness is paramount. Hence, reliance on these statutes is misplaced inasmuch as they deal with one water system's entitlement to water from another, as opposed to the rate-setting circumstances at hand, where the City is voluntarily supplying excess water to petitioners.
Supreme Court also expressed concern that DEC should not be "overly deferential" to the Water Board when reviewing excess water rates, and should not abdicate its obligation to conserve the water resources of the entire state. However, the Water Board itself is "organized under our state's Public Authorities Law as a public benefit corporation[*3], charged with acting 'for the benefit of the people of the city and the state, [and] for the improvement of their health, welfare and prosperity' " (Matter of Prometheus Realty Corp. v New York City Water Bd., 30 NY3d at 648 [Rivera, J., dissenting] [footnote omitted; emphasis supplied], quoting Public Authorities Law § 1045-f [9]). To be sure, the Water Board is concerned with conservation of its water supply (see id. at 643), which is a factor it has considered when setting higher rates for the consumption of water in excess of that deemed essential. Moreover, the Water Board must balance other economic and public policy concerns (see Public Authorities Law §§ 1045-g [4]; 1045-j [1]), and to require DEC to substitute its own judgment for that of the Water Board on those issues would obligate DEC to act outside the scope of its conservation mandate. In short, we do not share the apprehension expressed by Supreme Court.
We now turn to the standard that, in our view, is applicable. Recognizing the Water Board's role as a utility, it is noted that a typical challenge to a utility's rate-setting is brought before Supreme Court, not an administrative agency (see e.g. Matter of New York Tel. Co. v Public Serv. Commn. of State of N.Y., 95 NY2d 40, 46 [2000]; Sloane v Power Auth. of the State of N.Y., 214 AD3d 1150, 1151 [3d Dept 2023], lv denied 40 NY3d 902 [2023]; Matter of Board of Trustees of Inc. Vil. of E. Williston v Board of Trustees of Inc. Vil. of Williston Park, 119 AD3d 679, 680 [2d Dept 2014]; Matter of Home Depot U.S.A., Inc. v State of N.Y. Pub. Serv. Commn., 92 AD3d 1012, 1012 [3d Dept 2012], lv denied 19 NY3d 811 [2012]). In such a judicial context, it is well established "that a utility has 'unfettered discretion to fix rates as it will so long as invidious illicit discriminations are not practiced and differentials are not utterly arbitrary and unsupported by economic or public policy goals, as it reasonably conceives them' " (Matter of Prometheus Realty Corp. v New York City Water Bd., 30 NY3d at 646 [internal brackets and emphasis omitted], quoting Carey Transp. v Triborough Bridge & Tunnel Auth., 38 NY2d at 553). In other words, rate-setting determinations are generally "entitled to deference and may not be set aside unless they are without rational basis or without reasonable support in the record" (Matter of New York Tel. Co. v Public Serv. Commn. of State of N.Y., 95 NY2d at 48 [internal quotation marks and citation omitted]; see Matter of Corning Natural Gas Corp. v Public Serv. Commn. of the State of N.Y., 221 AD3d 1075, 1078 [3d Dept 2023], appeal dismissed 41 NY3d 968 [2024], lv denied 42 NY3d 906 [2024]; Matter of Home Depot U.S.A., Inc. v State of N.Y. Pub. Serv. Commn., 92 AD3d at 1014). Discerning no basis to deviate from this deferential approach, we hold that the standard articulated in Matter of Prometheus Realty Corp. and Carey Transp., as cited above,governs the Water Board's rate-setting for excess water.
As a final [*4]matter, to the extent that the Town of Carmel is seeking affirmative relief with respect to a portion of Supreme Court's ruling below, it is barred from obtaining such relief as it did not appeal therefrom (see Matter of 61 Crown St., LLC v City of Kingston Common Council, 217 AD3d 1144, 1145 [3d Dept 2023]; Finch v Erie Ins. Co., 211 AD3d 1152, 1155 [3d Dept 2022]).
Clark, J.P., Aarons and McShan, JJ., concur; Corcoran, J., not taking part.
ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as denied respondent Department of Environmental Conservation's motion for summary judgment; motion granted, and it is declared that the standard for the Department of Environmental Conservation's review of respondent New York City Water Board's excess water rates is that set forth in Prometheus Realty Corp. and Carey Transp.; and, as so modified, affirmed.

Footnotes

Footnote 1
"[F]air and reasonable" is defined as "the actual total cost of the water to the [C]ity after deducting from the total cost all construction costs and expenses of operation, maintenance and carrying charges incurred within the corporate limits of the [C]ity in connection with the distribution and delivery of the water within such limits" (Administrative Code of City of NY § 24-360 [c]).

Footnote 2
Petitioner Town of Carmel was not initially among this group but was later granted full party status during the administrative proceedings.

Footnote 3
DEC has filed a respondent's brief in which it joins the position of the Water Board.